No. 91-274

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1992**

WES SPRUNK,

    Plaintiff and Appellant,

  -vs-

FIRST BANK SYSTEM, a registered bank
holding company,

    Defendant and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,
       In and for the County of Missoula,
       The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

      William A. Rossbach argued; Rossbach & Whiston,
      Missoula, Montana

    For Respondent:

      James A. Robischon argued; Murphy, Robinson &
      Heckathorn, Kalispell, Montana
      George D. Goodrich; Garlington, Lohn & Robinson,
      Missoula, Montana

Submitted: March 5, 1992

Decided: April 27, 1992

Filed:

FILED

APR 27 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Wes Sprunk (Sprunk) appeals from an order of the Fourth Judicial District Court, Missoula County, Montana, which granted summary judgment in favor of First Bank System. This appeal stems from the same set of facts and circumstances stated in our opinion Sprunk v. First Bank Western Montana Missoula & First Bank System (1987), 228 Mont. 168, 741 P.2d 766 (Sprunk I). We affirm.

The main issue is whether the District Court erred in granting respondent FBS's motion for summary judgment. This main issue is divided into three sub-issues as follows:

1. Whether the District Court erred in deciding that Sprunk had no cause of action against FBS when determining that First Bank Western Montana Missoula was not the agent, alter-ego or instrumentality of FBS?

2. Whether the District Court erred in determining that there was no fiduciary relationship or duty between Sprunk and FBS?

3. Whether the District Court erred in determining that Sprunk's claims are precluded by the doctrine of res judicata?

Sprunk owned an automobile dealership in Missoula that was backed financially by First Bank Western Montana Missoula (Bank), a subsidiary of First Bank System (FBS). During a downturn in the automobile industry in the early 1980's, Sprunk refinanced his debt with the Bank via a $500,000 guaranteed loan from the Small Business Administration (SBA). Later, Sprunk attempted to restructure the dealership by relocating to a smaller location and deeding over his prime real estate to the Bank. On May 27, 1982, Sprunk, the Bank and the SBA entered into an agreement to accept deeds in lieu of foreclosure on Sprunk's Missoula and Lake County

real properties in order to discharge Sprunk's indebtedness to the Bank.

In Sprunk I, Sprunk alleged he entered into the agreement as a result of the Bank's fraudulent misrepresentations. He argued that the Bank pressured him into signing the agreement by overstating his debt and the losses it suffered due to liquidation. Sprunk's complaint alleged bad faith breach of a fiduciary duty, actual fraud and constructive fraud. The District Court granted the Bank's motion for summary judgment. Sprunk appealed and we affirmed. Subsequently, FBS filed a motion for summary judgment which was also granted by the District Court based on separate and independent grounds as well as the doctrine of res judicata. Sprunk now appeals that decision to this Court.

Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; also see Cecil v. Cardinal Drilling Co. (1990), 244 Mont. 405, 409, 797 P.2d 232, 234. The initial burden of proof is on the moving party to establish that no genuine issues of material fact exist. Westmont Tractor Co. v. Continental I, Inc. (1986), 224 Mont. 516, 521, 731 P.2d 327, 330. Once the moving party meets that burden, the burden shifts to the non-moving party to establish the existence of genuine issues of material fact. Simmons v. Jenkins (1988), 230 Mont. 429, 432, 750 P.2d 1067, 1069. We therefore confine our review on appeal to encompass only the determination of whether genuine issues of material fact exist that would require reversing the District

court's conclusion.

Sprunk asserts that the relationship between FBS and the Bank constituted an agency, alter-ego or instrumentality. Sprunk also contends that his dealings with the Bank, a wholly owned subsidiary of FBS, created a fiduciary relationship between Sprunk and FBS. Sprunk insists that due to the domination of FBS over the Bank, the Bank became an instrumentality of FBS which was used to commit fraud and bad faith. In support of these positions, Sprunk attaches to his brief a large appendix containing hundreds of pages of depositions, an annual report and other correspondence to illustrate actions that would amount to agency, alter-ego or instrumentality and the establishment of a fiduciary duty. The arguments are apparently meant to lead us to the conclusion that piercing the corporate veil is appropriate and necessary to obtain relief from FBS, since the Bank was previously dismissed from the case. We are not persuaded and harken back to our task on appeal which is to determine whether genuine issues of material fact exist.

The determination of the existence of genuine issues of material fact is one that is not always easily ascertained. Important in the determination is whether the material facts are actually disputed by the parties or whether the parties simply interpret the facts differently. It is well established that when material facts are in dispute, summary judgment is not a proper remedy. Kaiser v. Town of Whitehall (1986), 221 Mont. 322, 325, 718 P.2d 1341, 1342-43. However, mere disagreement about the

interpretation of a fact or facts does not amount to genuine issues of material fact.

After a careful review of the record in the case at bar, we conclude that Sprunk does not present any genuine issues of material fact. Instead, Sprunk recites facts with his own interpretations and conclusions that only carry the title of disputed issues of material fact, but do not amount to such. We previously said that the party opposing summary judgment "must set forth specific facts and cannot rely on speculative, fanciful, or conclusory statements." Simmons v. Jenkins (1988), 230 Mont. 429, 432, 750 P.2d 1067, 1069 (citing cases). Mere conclusory statements do not rise to the level of genuine issues of material fact, and therefore, we conclude that the "material facts" set forth by Sprunk are only his rendition of the facts with his own interpretation.

For example, when addressing the fiduciary relationship issue, Sprunk indicates that there were substantial dealings between the Bank and himself. Then, Sprunk asserts that the Bank was the agent or alter-ego of FBS, creating a fiduciary duty between Sprunk and FBS, which FBS allegedly breached. FBS does not dispute the Bank's dealings with Sprunk but asserts that such dealings do not amount to agency or alter-ego or the alleged fiduciary duty claimed by Sprunk. The factual dealings are not in dispute; this is a prime example of a dispute over factual interpretation and one that is properly handled by the District Court in a summary judgment proceeding.

Further, we note that Sprunk regularly paraphrased and quoted various sources in his briefs which were not always accurate. For instance, when addressing the agency/alter-ego argument, Sprunk paraphrases an FBS official's testimony to mean that FBS would "force" subsidiary member banks to re-figure profit goals. In reality the FBS official's testimony reads:

> I have seen it happen where we [FBS] have asked them [subsidiary member banks] to look in the corners and go to the drawing boards and they come up with more. I have also been persuaded that, indeed they are right. They have done -- there is no more room, and we modify our [FBS] plan ultimately by that process.

Again, in support of the agency/alter-ego argument, Sprunk quotes an annual report to illustrate FBS's control over the Bank as follows:

> First Bank System has responsibility for the overall conduct, direction and performance of it subsidiaries. The corporation establishes goals, objectives and policies for the entire organization and monitors compliance with these policies.

This quote, by itself, appears to support Sprunk's conclusions but the next sentence qualifies the statement relied on by Sprunk.

> The Corporation provides capital funds to its subsidiaries as required and assists subsidiaries in liability management. <u>The operational responsibilities of each subsidiary rest with its own officers and directors</u>. [Emphasis added.]

This type of mischaracterization and selective quotation is prevalent throughout Sprunk's briefs and we will not misconstrue them as genuine issues of material fact. The District Court properly determined that no genuine issues of material fact existed. Accordingly, the court did not err in determining that there was no agency or alter-ego relationship between FBS and the

Bank nor did FBS owe Sprunk a fiduciary duty because of his dealings with the Bank.

Having decided the two previous issues, we find it unnecessary to address the issue of res judicata and dispose of that issue altogether. Failing to meet his burden, Sprunk cannot defeat the summary judgment granted in favor of FBS. We hold from the record that the uncontroverted facts indicate that the District Court properly found no fact issues, making summary judgment proper. Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

_____
The Honorable Dorothy McCarter,
District Judge, sitting for
Justice William E. Hunt, Sr.

_____
The Honorable Peter Rapkoch,
District Judge, sitting for
Justice Terry N. Trieweiler

7