No. 93-282

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

RON BENSON,

      Plaintiff and Appellant,

  -vs-

THE CITY OF HELENA and BRANDT
SALO, BUILDING DEPARTMENT,

      Defendants and Respondents.



FILED

OCT 20 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the First Judicial District,
              In and for the County of Lewis and Clark,
              The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Frank Smoyer; Smoyer Law Firm, Helena, Montana

      For Respondents:

      David N. Hull, Attorney at Law, Helena, Montana

Submitted on Briefs:  September 16, 1993

Decided:  October 20, 1993

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is a zoning case. Appellant Ron Benson (Benson) appeals the First Judicial District, Lewis and Clark County, order granting the City of Helena (City) summary judgment on a declaratory judgment action which declared the nonconforming use of Benson's building at 1715 Peosta to be a bus barn or vehicle storage and the nonconforming use as abandoned.

We affirm.

Benson raises several issues in his brief. However, two issues are dispositive in this case.

1. Did the District Court err in concluding that Benson presented no genuine issues of material fact to preclude the granting of summary judgment to the City?

2. Did the District Court err in concluding Benson or his predecessors in interest abandoned the nonconforming use at 1715 Peosta by failing to use the building for vehicle storage?

Historically, before the enactment of the City's zoning ordinance in 1969, the original owner, Walter Sutheimer, used the Peosta building for the storage of buses. After the adoption of the zoning ordinance, the City classified the building as R-2, single family residential. Accordingly, pursuant to § 11-19-3, City of Helena zoning ordinance, the City allowed Sutheimer to continue to use his building as a nonconforming use for the storage of buses.

Following the adoption of the zoning ordinance, Sutheimer

continued to store buses in the building. Additionally, he maintained a small office, serviced and repaired buses, restored and sold eleven antique automobiles, infrequently worked as a homebuilder, and occasionally stored boats and contractors' supplies at the building.

In 1974, Sutheimer discontinued the bus business and sold the property. In 1985, however, the City signed an agreement which reestablished the nonconforming use of the building as vehicular storage on a par with the original bus barn. After numerous owners, Benson acquired the property.

On February 26, 1991, Benson filed a declaratory judgment action to determine the permitted uses of the building. Subsequently, however, the parties notified the District Court that Benson planned to apply for a change of nonconforming use and stipulated to vacate the trial set for November 22, 1991. On January 21, 1992, Benson applied for a change of nonconforming use from "[a] grandfathered right for use as a bus barn (storage, repair and daily dispatch of some 25 buses), to [a] general rental storage (70%) and a limited vehicle repair (30%)." The City Commission passed Resolution No. 10379 on March 2, 1992, granting Benson the change in nonconforming use subject to certain conditions.

Benson did not comply with the conditions of the Resolution. Instead, Benson moved for summary judgment. The City also moved for summary judgment on the declaratory judgment action. On March 17, 1993, the District Court granted the City summary judgment. On

3

April 27, 1993, Benson filed a Notice of Appeal with this Court. On April 28, 1993, Benson filed an Amended Notice of Appeal.

I

This Court's scope of review on a grant of summary judgment is the same as the trial court's standard of review. McNeil v. Currie (1992), 253 Mont. 9, 14, 830 P.2d 1241, 1244. "Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." Rule 56(c), M.R.Civ.P.; Sprunk v. First Bank System (1992), 252 Mont. 463, 465, 830 P.2d 103, 104 (citation omitted). Initially, the moving party must prove that no genuine issues of material fact exist. Sprunk, 830 P.2d at 104. Then the burden shifts and the non-moving party is compelled to prove the existence of genuine issues of material fact. Sprunk, 830 P.2d at 104. Accordingly, our review extends to the record to determine whether any genuine issues of material fact exist which would preclude summary judgment and require a reversal of the District Court.

In Sprunk, we discussed the difficulty of ascertaining the existence of genuine issues of material fact. 830 P.2d at 105. Specifically, "the determination is whether the material facts are actually disputed by the parties or whether the parties simply interpret the facts differently." Sprunk, 830 P.2d at 105. When the facts are actually disputed by the parties, "summary judgment is not a proper remedy." Sprunk, 830 P.2d at 105. On the other hand, when the parties disagree as to the interpretation of the same facts, then summary judgment is the proper remedy. Sprunk,

4

830 P.2d at 105.

Benson contends that genuine issues of material fact exist which should preclude summary judgment. We conclude that Benson labels his issues genuine issues of material fact, but, in substance, only recites the same facts with a different interpretation or conclusion.

First, Benson argues that a genuine issue of material fact exists in ascertaining which grandfathered or nonconforming uses existed at the building. Benson is mistaken. The facts are not in dispute. Rather, Benson, in his interpretation, attempts to extend the grandfathered uses beyond the enactment date of the City's zoning ordinance. Specifically, Benson argues the effective time period to determine the scope of the grandfathered uses extends from the enactment date of the zoning ordinance to the present day. This argument lacks merit.

The facts are clear and undisputed. Before the City enacted the zoning ordinance the building was only used to store buses.

The law is equally clear. Chapter 19, City of Helena zoning ordinance, entitled NONCONFORMING USES AND STRUCTURES, is controlling. Section 11-19-3, City of Helena zoning ordinance, NONCONFORMING USES OF LAND AND/OR STRUCTURES, states:

> Where a use of land or a structure lawfully existed at the time of adoption of this Title . . ., but which would not be permitted by the regulations imposed by this Title . . .    the use may be continued where it remains otherwise lawful . . . .

Additionally, we take judicial notice of § 76-2-105, MCA, and § 76-2-208, MCA, which compel zoning commissions to allow the

5

continuance of existing uses.

"The duty of this court is to construe the law as it finds it."  Doull v. Wohlschlager (1963), 141 Mont. 354, 363, 377 P.2d 758, 763.  We have stated that zoning ordinances "must be given a fair and reasonable interpretation . . . ." Whistler v. Burlington Northern Co. (1987), 228 Mont. 150, 155, 741 P.2d 422, 425.  However, in Whistler, we concluded that "considerable judicial deference should be accorded the interpretation provided by an officer charged with its enforcement."  741 P.2d at 426.

Section 11-19-3, City of Helena zoning ordinance, requires nonconforming or grandfathered uses to be in existence on the enactment date of the zoning regulation.  Further, the use established on that date is the only use which endures in the future.  Section 11-19-3, City of Helena zoning ordinance.

Consistent with the interpretation of the City's Director of Building and Safety, the building was only used to store buses on the enactment date of the zoning ordinance.  Moreover, in 1985, the City reestablished the nonconforming use by signing an agreement to allow the use of the building for "vehicular storage on a par with the original bus barn usage."  Thus, we hold that Benson has not established a genuine issue of material fact.  The only established, grandfathered use of the building is for a bus barn or vehicular storage, nothing else.

The City's attempt at establishing different permitted uses for the building via two resolutions does not generate genuine issues of material fact.  In fact, the various owners, and

6

specifically, Benson, failed to comply with the conditions of the resolutions. Thus, the resolutions do not affect the grandfathered uses issue.

The resolutions do, however, establish the City's cooperation with owners of the building. The City has attempted to establish a use for this building. Despite the City's expression of goodwill, the owners, and specifically, Benson, have consistently failed to comply with the resolutions. Effectively, Benson's inaction prevents him from renting general storage spaces at the building.

Finally, Benson contends that a genuine issue of material fact exists in determining if he or the prior owners abandoned the property. Benson is incorrect.

The facts are undisputed. Sutheimer sold the property and discontinued the bus barn in 1974. The building was not used as a bus barn for several years after 1974. Moreover, the grandfathered use was reestablished in 1985 for vehicle storage, so long as the use did not exceed the original bus barn use.

The City has established that the building was not used for vehicle storage after 1987. Conversely, Benson has failed to establish vehicle storage at the building after 1987. Benson has failed to meet his burden. Therefore, we hold that Benson presents no genuine issues of material fact on the issue of abandonment.

II

Next, Benson contends the District Court incorrectly interpreted the law of abandonment. Specifically, he argues the

7

City must show **an intent to** abandon the nonconforming uses. We disagree.

Many courts have discussed the propriety of proving intent to abandon nonconforming uses. When a zoning ordinance contains an objective time limit some courts have decided to dispense with the intent element. <u>See</u> Hartley v. City of Colorado Springs (Colo. 1988), 764 P.2d 1216, 1224, (citation omitted), and Choi v. City of Fife (Wash. App. 1991), 803 P.2d 1330, 1333 (citations omitted). Specifically, these courts dispense with the intent **requirement to** avoid derogation of the zoning commission's legislative intent. <u>See</u> <u>Hartley</u>, 764 P.2d at 1223; <u>Choi</u>, 803 P.2d at 1333.

Similarly, here, we are concerned with derogation of the zoning commission's legislative intent. Section 11-19-4, City of Helena zoning ordinance, states:

> If any . . . nonconforming use ceases for any reason for more than one year . . . any subsequent use of . . . [the] structure shall conform to the regulations [of] this Title for the district in which . . . [the] structure is located.

Clearly, the City's ordinance does not require proof of intent to abandon. Therefore, we refuse to read one into the ordinance. In order to prove abandonment, the City need only prove that the nonconforming uses ceased for more than one year.

The City has met its burden. The bus **barn** was discontinued in 1974 and was never reestablished. Additionally, use of the building for vehicle storage ceased in 1987. Accordingly, we hold the City does not need to prove an intent to abandon the nonconforming use.

8

We conclude the District Court has correctly determined that no genuine issues of material fact exist. Moreover, the District Court was correct in finding that Benson or his predecessors in interest abandoned the nonconforming uses at 1715 Peosta. The City was entitled to summary judgment.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

October  20,  1993

## CERTIFICATE  OF  SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the
following   named:


Frank Smoyer
SMOYER  LAW  FIRM
1085 Helena Ave.
Helena,  MT  59601

DAVID  N.  HULL
Attorney  at  Law
P.O.  Box  534
Helena,  MT  59624


ED  SMITH
CLERK  OF  THE  SUPREME  COURT
STATE  OF  MONTANA

BY:_____
    Deputy