No. 93-577

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

THE STATE OF MONTANA, ex rel,
the matter of JACK M. SCANLON

       Petitioner and Appellant,

-v-

NATIONAL ASSOCIATION OF INSURANCE
COMMISSIONERS (NAIC),
A Missouri Association, and
SOCIETY OF FINANCIAL EXAMINERS, INC.
(SOFE), A Washington D.C. Corporation
and Agency of NAIC, and
ANDREA "ANDY" BENNETT, State Auditor
and Ex Officio Commissioner of
Insurance Individually, and as an
Associate of NAIC and SOFE,

       Respondents and Respondents.

FILED

MAY 24 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Thomas C. Honzel, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Leonard J. Haxby, Butte, Montana

      For Respondents:

      Stuart L. Kellner, Helena, Montana; Stephen M.
      Frankino, Helena, Montana


Submitted on Briefs:  March 24, 1994

Decided:  May 24, 1994

Filed:

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal from an Order of the First Judicial District Court granting defendant/respondent's Society of Financial Examiners, Inc.'s (SOFE's) motion for summary judgement. We affirm.

Plaintiff/appellant, Jack Scanlon (Scanlon) presents five issues on appeal. Because of our holding, we need only discuss the following two issues:

1. Did the District Court err in determining that Scanlon failed to meet his burden of raising a genuine issue of material fact with regard to whether he possessed the necessary qualifications when he applied for CFE status in 1974 and 1990?

2. Did the District Court err in determining that Scanlon did not possess a constitutionally protected "franchise" or other property interest in Certified Financial Examiner (CFE) certification?

FACTUAL BACKGROUND

This case involves Scanlon's attempts to obtain a CFE designation from SOFE in December 1974 and November 1990. Because this case involves the interaction between the Montana Insurance Commissioner, the National Association of Insurance Commissioners (NAIC), and SOFE, some background about these organizations is necessary.

The Montana Insurance Commissioner is charged by statute to conduct examinations of local and foreign insurance companies doing business in this state. Section 33-1-401, MCA. Examinations of

2

foreign insurance companies are customarily conducted through the auspices of NAIC. NAIC is an association of insurance commissioners, who are members by virtue of their office. NAIC has divided the United States into various "zones" for the purpose of sharing the cost of financial examinations of foreign insurance companies. NAIC procedures require that only examiners certified by SOFE may participate in financial examinations of foreign insurance companies as representatives of an NAIC zone.

SOFE, a non-profit corporation, is a professional society for examiners of insurance companies, banks, savings and loans, and credit unions. SOFE's purpose is to establish and promote professional standards, minimum requirements of conduct, training and expertise, for members engaged in the examination of financial institutions. SOFE has established four classes of membership, two of which are pertinent to this case. The definitions of the membership classes are found at Article III, Sections 2 and 3 of SOFE's bylaws and are as follows:

Section 2. Accredited Membership

Accredited Membership and the title of "Accredited Financial Examiner (AFE)" shall be bestowed upon financial examiners who are general members in good standing, and who have the specified educational, experience and approval criteria as determined by the Board of Governors and these bylaws.

Section 3. Certified Membership

Certified Membership and the title of "Certified Financial Examiner (CFE)" shall be bestowed upon Accredited members in good standing who have met the specific educational, experience and approval criteria as determined by the Board of Governors and these bylaws.

SOFE's bylaws require that employment by a governmental agency is

3

a prerequisite to both AFE and CFE membership. Society of Financial Examiner's bylaws, Article I, Section 3.

Prior to SOFE's creation in 1973, NAIC certified and listed insurance examiners as either "Junior" or "Senior" based on their education and experience. Scanlon represented the State of Montana and zone 6 of NAIC in examinations of insurance companies from 1964 to 1971. Scanlon received the classification of Senior Examiner in January of 1966.

When SOFE was incorporated in 1973, Scanlon was practicing law and no longer contracted for NAIC insurance examinations. In December of 1974, Scanlon applied for membership and CFE designation. At that time, SOFE had an Early Entrance Program which conferred or "grandfathered" either AFE or CFE status on applicants who previously had been classified by the NAIC as a Senior Examiner and who were employed by a governmental agency. SOFE denied Scanlon's application because he was not employed by a governmental agency.

In 1990 Scanlon was retained to represent the Montana Insurance Department as a contract in-state examiner. Because he was once again conducting insurance examinations for a governmental agency, Scanlon contacted SOFE in November of 1990, for membership and CFE designation. SOFE denied Scanlon's request because he did not meet the education requirements for CFE status. Moreover, he was no longer able to obtain CFE designation through the Early Entrance Program as it was discontinued in March of 1975.

Scanlon filed a Petition for Declaratory Judgment, Writ of

4

Mandamus and Writ of Quo Warranto on September 14, 1992. On January 19, 1993, the District Court granted the motion to dismiss of State Auditor and *ex officio* Commissioner of Insurance, on the grounds that Scanlon had failed to state a claim against the Insurance Commissioner upon which relief could be granted. Scanlon has not appealed from that order.

Scanlon moved to dismiss NAIC from this action pursuant to Rule 21, M.R.Civ.P., on June 3, 1993, and the District Court entered its order dismissing NAIC on June 21, 1993. The sole remaining party, SOFE, filed its motion for summary judgment on June 10, 1993. After considering the briefs of both parties and hearing oral argument, the District Court granted SOFE's motion on the grounds that Scanlon failed to meet his burden of raising a genuine issue of material fact as to his possessing the necessary qualifications for CFE status. Scanlon appeals from this order.

## STANDARD OF REVIEW

In reviewing a grant of summary judgment, we use the same criteria initially used by the District Court under Rule 56, M.R.Civ.P. Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214. Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), M.R.Civ.P. The District Court concluded that Scanlon failed to meet his burden of raising a genuine issue of material fact as to his possessing the necessary qualifications when he applied for CFE status and that he had no constitutionally protected franchise or property

5

right. We agree and address each of those issues in turn.

ISSUE I

Did the District Court err in determining that Scanlon failed to meet his burden of raising a genuine issue of material fact with regard to whether he possessed the necessary qualifications when he applied for CFE status in 1974 and 1990?

To sustain a motion for summary judgment, the moving party must establish that no genuine issues of material fact exist which would necessitate a trial of the issues presented. Berens v. Wilson (1990), 246 Mont. 269, 271, 806 P.2d 14, 16. Upon meeting this initial burden, the burden shifts to the party opposing the motion, who must show that an issue of material fact does exist. Sprunk v. First Bank System (1992), 252 Mont. 463, 466, 830 P.2d 103, 104. To determine the existence of genuine issues of material fact, it is important to ascertain whether the material facts are actually disputed by the parties, or whether the parties are simply interpreting the facts differently. Sprunk, 830 P.2d at 105. Although summary judgment is not proper when material facts are disputed, "mere disagreement about the interpretation of a fact or facts does not amount to genuine issues of material fact." Sprunk, 830 P.2d at 105.

After carefully reviewing the record, we conclude that Scanlon failed to meet his burden of presenting a genuine issue of material fact. It is undisputed that Scanlon was not entitled to CFE designation when he first applied to SOFE in 1974, because he was not employed as a financial examiner by a governmental agency at the time of his application. Therefore, Scanlon did not meet the

6

requirements of SOFE's Early Entrance Program. It is also undisputed that when he requested CFE designation in 1990, Scanlon did not meet SOFE's education requirements. Furthermore, at the time he applied in 1990, Scanlon could no longer receive CFE status under the "grandfather" or Early Entrance Program, as SOFE discontinued that program in 1975.

Scanlon does not refute these facts but instead presents arguments that summary judgment should be reversed on constitutional grounds. Scanlon's constitutional arguments aside, it is undisputed that Scanlon did not meet the requirements for CFE designation in either 1974 or in 1990. We hold that the District Court correctly concluded that Scanlon failed to raise any genuine issue of material fact in opposition to SOFE's motion for summary judgment.

## ISSUE II

Did the District Court err in determining that Scanlon did not possess a constitutionally protected "franchise" or other property interest in CFE certification?

Scanlon, nevertheless, asserts that his designation by the NAIC and the Montana State Auditor as a Senior Examiner is a vested property right subject to constitutional protection. Scanlon received the designation of Senior Examiner by fulfilling the required education and experience requirements for that designation at the time it was granted. Scanlon reasons that, once he received the Senior Examiner designation, it became a property right which cannot be eliminated without a rational justification, or in an arbitrary or capricious fashion. Scanlon claims that SOFE's

7

classifications of AFE and CFE arbitrarily eliminate his property right and that the classifications are not a rational means to attain a legitimate government objective -- i.e. insuring that financial examiners are qualified to do the work assigned. Consequently, we must determine whether Scanlon had a property interest subject to the protection of the Fourteenth Amendment to the United Stated Constitution, and Article II, Section 17, of the Montana Constitution. Akhtar v. Van de Wetering (1982), 197 Mont, 205, 210, 642 P.2d 149, 152. (Citations omitted.)

It is a fundamental principle of constitutional law that "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents v. Roth (1972), 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d. 548, 561, adopted by this Court in Akhtar, 642 P.2d at 153. It is also well established that legitimate claims to entitlement cannot be premised on the Constitution itself, but must be derived from some independent source such as state law or in the rules and understandings existing between employee and employer. Medicine Horse v. Big Horn Co. Sch. Dist. (1991), 251 Mont. 65, 70, 823 P.2d 230, 233, citing Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed. 2d 548.

In the instant case, Scanlon presents no specific statutory or regulatory authority mandating that SOFE confer CFE status upon Senior Examiners. The applicable law requires only that the

8

Insurance Commissioner conduct audits of insurers at least once every five years. Section 33-1-401(1), MCA. To carry out that duty, the Insurance Commissioner may appoint competent examiners to conduct or assist in examinations of insurers or others. Section 33-1-303(4), MCA. The statutory guidelines for examiners' qualifications require that "[e]xaminers must be competent, because of experience or special education or training, to fulfill the responsibilities of an insurance examiner." Section 33-1-303(4), MCA. There simply is no statute entitling individuals who were at one time classified as Senior Examiners to CFE status.

The complete absence of any statute or regulation in this case does not preclude the possibility that Scanlon had a property interest in CFE status. A "mutually explicit understanding" between the employee and employer can also create a property interest. Medicine Horse, 823 P.2d at 233, citing Perry v. Sindermann (1972), 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570. Here too, Scanlon fails to present any objective evidence indicating that SOFE and Scanlon had an understanding that he was entitled to CFE status by reason of his prior designation of Senior Examiner.

Scanlon argues that when he applied for CFE status in 1974, SOFE had an Early Entrance Program which allowed qualified Senior Examiners to be granted either AFE or CFE status without having to fulfill the required educational requirements instituted by SOFE. However, Scanlon did not meet the requirements of SOFE's Early Entrance Program in 1974 as he was not employed by a governmental

9

agency at that time. When Scanlon applied for CFE designation in 1990, he met the "employed by a governmental agency" requirement. However, Scanlon was not entitled to CFE designation at that time because he failed to meet SOFE's education requirements, and he was not entitled to a waiver of the education requirements under the Early Entrance Program, as it had been discontinued in June of 1975.

Scanlon asserts that he is competent to do the work of a CFE based on his education and past experience. This allegation does not, however, support a conclusion that a mutually explicit understanding existed between himself and SOFE, giving rise to a legitimate claim to CFE status. Rather, the undisputed evidence that he did not meet the requirements for CFE status in either 1974 or 1990 supports the conclusion that Scanlon's claim to a property right in CFE status was merely a subjective expectancy.

In either 1974 or 1990 Scanlon could have obtained CFE designation by simply fulfilling SOFE's certification requirements in effect on the dates he applied. He failed to do that. Even if we were to accept Scanlon's contention that being classified as a Senior Examiner is a franchise or property right, the fact remains that neither SOFE nor the State of Montana deprived Scanlon of his Senior Examiner status; he still holds that designation. The point to be made is that merely being classified as a Senior Examiner was, without more, insufficient to meet the different requirements for being classified as a CFE in 1974 and in 1990. As the District Court correctly observed, "Scanlon's competence is not being

10

challenged. Rather, this case centers on the requirements SOFE has adopted for certification and Scanlon's failure to meet those exact requirements." We hold that the District Court correctly concluded that Scanlon was not deprived of a constitutionally protected property right or franchise.

Scanlon raises other issues on appeal that are premised either on his contention that there were genuine issues of material fact or that he was deprived of a constitutionally protected property right in not being granted CFE certification. Having decided both of those issues against Scanlon, it is unnecessary that we address his other arguments.

AFFIRMED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

11

May 24, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Leonard J. Haxby
HAXBY & SOMERS
P.O. Box 3008
Butte, MT 59701

Stuart L. Kellner
Attorney at Law
P.O. Box 1166
Helena, MT 59624

Hubert J. Massman
Attorney at Law
P.O. Box 804
Helena, MT 59624

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
　Deputy