No. 00-174

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 323

303 Mont. 1

15 P. 3d 899

ADAM MEYER,

Plaintiff and Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE

INSURANCE COMPANY,

Defendant and Respondent.

APPEAL FROM: District Court of the Fifteenth Judicial District,

In and for the County of Roosevelt,

The Honorable Richard A. Simonton, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Laura Christoffersen; Christoffersen & Knierim, Culbertson,

Montana

For Respondent:

Randall G. Nelson; Nelson Law Firm, Billings, Montana

Submitted on Briefs: July 20, 2000
Decided: December 12, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Appellant, Adam Meyer (Adam) filed a declaratory judgment action in the Fifteenth Judicial District Court, County of Roosevelt, State of Montana, seeking a judgment declaring that he was entitled to underinsured motorists coverage under State Farm Insurance policies issued to his stepmother, Joan Meyer. Adam further moved to amend his complaint to seek uninsured coverage. Upon cross-motions for summary judgment, the District Court found in favor of State Farm Insurance. Adam appeals from that order. We affirm the judgment of the District Court.

¶2 We state the issues on appeal as follows:

¶3 1. Is Adam entitled to underinsured motor vehicle coverage under policies issued to his stepmother, Joan Meyer?

¶4 2. Is Adam entitled to uninsured motor vehicle coverage when the driver of the vehicle was not insured but the vehicle which he was operating was insured by a liability policy?

Standard of Review

¶5 The interpretation of an insurance contract is a question of law. *See* Stutzman v. Safeco Ins. Co. of America (1997), 284 Mont. 372, 376, 945 P.2d 32, 34. We review a district court's conclusions of law *de novo* to determine whether they are correct. *See* Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603. Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; *see also* Cecil v. Cardinal Drilling Co. (1990), 244 Mont. 405, 409, 797 P.2d 232, 234. The initial burden of proof is on the moving party to establish that no genuine issues of material fact exist. Sprunk v. First Bank System (1992), 252 Mont. 463, 465, 830 P.2d 103, 104; Westmont Tractor Co. v. Continental I, Inc. (1986), 224 Mont. 516, 521, 731 P.2d 327, 330. Once the moving party

meets that burden, the burden shifts to the non-moving party to establish the existence of genuine issues of material fact. Our standard of review in appeals from grants of summary judgment is *de novo*. *See* Meyer v. Creative Nail Design, Inc., 1999 MT 74, ¶ 13, 294 Mont. 46, ¶ 13, 975 P.2d 1264, ¶ 13.

## Discussion

¶6 The undisputed facts are that Adam was injured in a car accident on June 21, 1997. The medical bills alone for the accident were nearly $100,000. At the time of the accident, Adam and his sister, Amanda, were passengers in a Buick Skylark (Skylark) owned by Amanda and Adam's father, Norman Meyer. The Skylark was being driven by Olyn Payne. The State Farm policy insuring the Skylark was issued to "Norman Meyer."

¶7 At the time, the Meyers had three other vehicles insured by State Farm as follows: 1984 Chevrolet pickup truck (pickup) with Norman Meyer as the named insured; 1993 Chevrolet van (van) with Norman and Joan Meyer named as insureds; and 1992 Olds Cutlass (Cutlass) with Norman and Joan Meyer as named insureds.

## Relevant Policy Provisions:

¶8 Resolution of the issues presented hinges upon the following definitions contained in the State Farm policies:

*Relative* - means a *person* related to *you* by blood or adoption who lives with *you*. It includes your unemancipated child away at school.

*You* or *Your* - means the *person(s)* or organization shown on the declarations page as named insured(s). It includes a *person* regularly residing in the named insured's household with whom the named insured has a personal relationship arising out of a civil contract.

*Person* - means a human being.

An *underinsured motor vehicle* does not include a land motor vehicle:

1. insured under the liability coverage of this policy;

2. furnished for the regular use of *you* or any *relative*.

> *Insured* - means the *person* or *persons* covered by uninsured motor vehicle or underinsured motor vehicle coverage.
>
> This is:
>
> 1.  The *first person named*;
>
> 2.  that *person's relatives*; and
>
> 3.  any other *person* while *occupying*:
>
> a. *your car*, a *temporary substitute car*, *a newly acquired car* or a trailer attached to such *car*.

¶9 1.  Is Adam entitled to underinsured coverage under policies issued to his stepmother, Joan Meyer?

¶10 Norman Meyer is a named insured on all four policies. Since Adam is Norman's son by blood, Adam is a "relative" of Norman and thus an "insured" under all the policies.

¶11 The question which must be resolved here, however, is not whether Adam is an "insured" but whether the Skylark is an "underinsured motor vehicle" under the two State Farm policies which name Joan Meyer as an insured. In contending that Adam is not entitled to underinsured motor vehicle coverage, State Farm relies on the following exclusion in each of the policies:

> An *underinsured motor vehicle* does not include a land motor vehicle:
>
> 1. insured under the liability coverage of this policy;
>
> 2. furnished for the regular use of *you* or any *relative*.

¶12 Adam concedes that since the Skylark itself is insured for liability under one of the four State Farm policies owned by the Meyers, it is an excluded vehicle under subsection (1) of that policy. He also concedes that since he is a "relative" of his father Norman, who is the sole named insured on the pickup, there is no underinsured coverage for Adam on the policy covering the pickup.

¶13 Adam contends, however, that the situation is different as to the policies covering the van and the Cutlass since those policies name Joan Meyer as an insured. He argues that neither he nor Amanda are related to Joan "by blood or adoption" and thus are not Joan's "relatives" as the policy defines that term. He contends that, when analyzed from the perspective of Joan, the vehicle involved in the accident was not "furnished for the regular use of" any of Joan's relatives, and, therefore, was not subject to the

exclusion.

¶14 Adam argues that the underinsured motorist coverage in the Cutlass policy, for example, only excludes coverage for vehicles furnished for "you or a relative." He concludes that, since the Skylark was furnished for the use of Amanda, Joan's stepdaughter, the underinsured exclusion in the Cutlass policy does not apply to the Skylark. He makes a similar argument for the policy on the van.

¶15 The fallacy in Adam's logic is that he focuses solely on whether Amanda and Adam are "relatives" of the insured Joan. Admittedly they are not.[1] That proposition, however, only addresses half of the exclusion. The exclusion applies not only to "relatives," but to "you." The question presented here, then, is not whether Joan is a "relative," but whether she comes within the term "you" as it is used in the exclusionary provision.

¶16 We determine that Joan Meyer meets the State Farm definition of "you" in two respects. First, she is a named insured under the Cutlass and van policies. Second, the owner of the Skylark, Norman Meyer, resides in the same household with Joan and has "a personal relationship arising out of a civil contract" with her. That is, Joan is Norman's wife. Thus, vehicles such as the Skylark, which are furnished for the regular use of "you" (Norman and his wife Joan) are excluded from the definition of an underinsured motor vehicle. It does not matter that Joan is not a "relative" of Adam or Amanda. Adam's argument that the policy is ambiguous because it lends itself to a different interpretation depending upon whether or not the provisions are read from the perspective of the insured Norman or the insured Joan is without merit. In light of their marital relationship, it makes no difference from whose perspective the issues are analyzed. As insureds and spouses, both Norman and Joan come within the definition of "you" and any vehicles (such as the Skylark) which are furnished for their regular use are excluded as underinsured motor vehicles under subpart 2 of the exclusion. Although Adam is not a "relative" of Joan's, Joan, as an insured under the Cutlass and van policies, is encompassed within the "you" language of the exclusion. Furthermore, as Norman's spouse, she (along with Norman and Amanda) has use of the Skylark. Thus the Skylark does not qualify as an underinsured motor vehicle.

¶17 Finally, we find no merit to Adam's argument that the use of the disjunctive "or" in the exclusion ("for the use of you *or* any relative") creates an ambiguity; that the sentence can be read to both include and exclude coverage depending upon whether it is read from the perspective of Norman or Joan. In American Family Mut. Ins. Co. v. Livengood, 1998 MT 329, ¶ 16, 292 Mont. 244, ¶ 16, 970 P.2d 1054, ¶ 16, we addressed the effect of the disjunctive term "or" as used in an insurance policy exclusion.

> In its common usage, "or" connotes the disjunctive, and it is used to express an alternative or give a choice of one among two or more things. *See* Black's Law Dictionary 1095 (6th ed. 1990). When a provision is written in the disjunctive, it is clear that only one of the separately stated factors must exist.

¶18 There is no ambiguity in the policies at issue. Norman and Joan, either jointly or separately constitute "you" within the exclusionary language.

¶19 This decision of the District Court granting summary judgment to State Farm on the issue of underinsured motor vehicle coverage is affirmed.

¶20 2. Is Adam entitled to uninsured motor vehicle coverage when the driver of the vehicle was not insured but the vehicle which he was operating was insured under a liability policy?

¶21 Although the Skylark was insured by Adam's father, the driver of the vehicle, Olyn Payne, was not insured. Relying on our holding in State Farm Mutual Ins. Co. v. Taylor (1986), 223 Mont. 215, 725 P.2d 821, Adam argues that uninsured coverage applies "whenever *either* the ownership, maintenance or use is uninsured." In *Taylor*, the vehicle driven by Taylor was rear ended by a vehicle driven by Moss. The Moss vehicle was uninsured but Moss personally had liability insurance. The policy in question stated, as do the policies at issue here, that State Farm would pay damages an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The policy then defined "uninsured motor vehicle" as a motor vehicle, "the ownership, maintenance or use of which is: (a) not insured or bonded for bodily injury liability at the time of the accident." *Taylor*, 223 Mont. at 217, 725 P.2d at 822. State Farm argued that since *the use* of the vehicle was insured (by Mr. Moss' liability policy) there was no uninsured coverage. Taylor argued that under the policy, a motor vehicle is uninsured if the ownership, maintenance *or* use is not insured. Thus, although the use was insured (through Mr. Moss), the maintenance and ownership were not insured. Therefore, under the disjunctive provision, there was coverage. We stated:

> This policy does not clearly state whether it provides uninsured motor vehicle coverage when the driver is insured but the ownership of the vehicle is not. We conclude that the policy is ambiguous. We therefore interpret the policy to provide coverage.

*Taylor*, 223 Mont. at 218, 725 P.2d at 823.

¶22 Here, Adam contends that ownership and maintenance were insured, but use was not, so the result should be the same as it was in *Taylor*. There is, however, an important distinction between *Taylor* and the present case. In *Taylor*, of the three disjunctives, two (ownership and maintenance) were uninsured while one (use) was insured. It was due to this situation that the Court found an ambiguity. *Taylor*, 223 Mont. at 218, 725 P.2d at 823. Here, contrary to Adam's assertions, all three disjunctive aspects are insured. Ownership and maintenance were covered by Norman Meyer's liability policy on the Skylark. Further, although the driver Payne was not personally insured for liability, he was a permissive user of the vehicle and thus his "use" of the vehicle was likewise insured through Norman's policy. Furthermore, as set forth in the complaint, the State Farm policy provided liability coverage as a result of Payne's permissive use. In conclusion, the policy defines "uninsured motor vehicle" as a motor vehicle, "the ownership, maintenance or use of which is not insured or bonded for bodily injury liability at the time of the accident." In the present case, all three aspects (ownership, maintenance and use) were insured. Therefore, under the terms of the policy, the Skylark does not qualify as an "uninsured" vehicle.

¶23 The District Court's judgment declaring that Adam is not entitled to uninsured motor vehicle

coverage is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

1. Using a common sense interpretation, we determined in *Stutzman* that a spouse is included within the term "relative," a term defined in the Safeco policy as follows: "Relative means a relative of the named insured who is a resident of the same household." The definition of "relative" in the State Farm policies presently under consideration is, however, more restrictive. It requires that the "relative" be a person "related to you by blood or adoption." A spouse or a stepparent, of course, would not meet the "blood relationship" test under the State Farm policies.