FILED

September 23 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0722

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 259N

BANK OF RED LODGE, a branch of the Bank
of Bridger, N.A., a Montana banking corporation,

      Plaintiff and Appellee,

  v.

WESTERN INVESTMENTS, INC.,
and RED LODGE WEST, LLP,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
                   In and For the County of Carbon, Cause No. DV-12-18
                   Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Robert L. Stephens, Jr., Southside Law Center, Billings, Montana

        For Appellees:

                W. Scott Green, Patten, Peterman, Bekkedahl & Green, Billings, Montana

                              Submitted on Briefs:  August 27, 2014
                                      Decided:  September 23, 2014

Filed:

                _____
                         Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Western Investments, Inc. ("Western") appeals from the District Court's order granting summary judgment to the Bank of Red Lodge and denying Western's motion to alter the judgment under M. R. Civ. P. 59 or 60. Additionally, Western appeals the District Court's order denying its motion to amend the pleadings pursuant to M. R. Civ. P. 14 and 15. We affirm.

¶3 In 2008 and 2009, Ronald and Catherine Henry, acting through their corporation, Western, borrowed substantial funds from the Bank of Red Lodge ("Bank"). Western planned to develop a subdivision in the Red Lodge area and used the property as security for the loan. Subsequently, Western defaulted and a workout agreement was reached in December 2010. The workout agreement provided that the principal and accumulated interest was due December 22, 2011.

¶4 In March 2011, the parties completed a written repayment rider agreement wherein provisions were made for releasing the lien as individual subdivision lots sold. The rider included a clause stating, "[t]his agreement is attached in coherence with the extensions and the workout agreement granted on the above listed notes dated

2

12/10/2010." Ultimately, Western was unable to pay and the Bank sold the property at a sheriff's sale. Less than $6,000 remains on the original debt of $1,833,706.58.

**Summary Judgment**

¶5 Western argues that the District Court erred in granting summary judgment based on a mischaracterization of the rider agreement. They assert that the rider extended the repayment date indefinitely and permitted piecemeal payment as the lots sold. This Court reviews de novo a district court's summary judgment ruling. *Meyer v. State Farm Mut. Auto. Ins. Co.*, 2000 MT 323, ¶ 5, 303 Mont. 1, 15 P.3d 899.

¶6 A party is entitled to summary judgment when there is "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." M. R. Civ. P. 56(c)(3). The "interpretation of a contract is a question of law." *Corporate Air v. Edwards Jet Ctr. Mont. Inc.*, 2008 MT 283, ¶ 30, 345 Mont. 336, 190 P.3d 1111. Montana law provides that when several contracts are entered, "relating to the same matters, between the same parties, and made as parts of substantially one transaction," the contracts are to be read together. Section 28-3-203, MCA. Further, the intentions of parties to written contracts are ascertained from the plain language of the writing. Section 28-3-303, MCA.

¶7 Here, the parties entered into multiple loan agreements, including the original agreement (May 2008), the loan workout agreement (December 2010), and the repayment rider (March 2011). Western contends that the rider provided for partial payment as individual lots sold and urges the Court to adopt the view that the rider extended the maturity date on the loans. Western argues that language in the rider

3

established a conditional promise by the Bank to not foreclose unless Western failed to repay using proceeds from subdivision lot sales.

¶8 Western's interpretation of the contract is incorrect. The rider states that it is "in coherence with the extensions and the workout agreement." The rider must be read together with the other loan agreements, principally the loan workout agreement establishing the maturity date of December 22, 2011. The written contract contains no reference to partial payment or any conditional promises. Rather, the contract clearly establishes a priority list, indicating the order in which the debt was to be paid: principal payments, then interest due on each note, followed lastly, by reconveyance fees. As a matter of law, the District Court correctly interpreted the contract.

¶9 The moving party has the initial burden of establishing that there is no genuine issue of material fact. *Yellowstone II Dev. Group, Inc. v. First Am. Title Ins. Co.*, 2001 MT 41, ¶ 32, 304 Mont. 223, 20 P.3d 755. If the moving party satisfies their burden, the burden then shifts to the non-movant to raise a genuine issue of material fact. *Yellowstone II Dev. Group, Inc.,* ¶ 33. In the present case, the Bank established that the sole issue facing the District Court was a question of law—the interpretation of the contract. Western failed to raise any material factual issues. Considering the material provided by the parties, there is no genuine issue of material fact and the District Court did not err when it granted the Bank summary judgment.

**Motion to Alter**

¶10 Western contends that the District Court erroneously denied their motions to alter the summary judgment order. Western challenges the sufficiency of the written evidence

4

relied upon by the District Court and argues the summary judgment order contains "manifest errors of fact and law." Additionally, Western argues that a "basic change in circumstances" makes "enforcement of the decree of foreclosure . . . inequitable." The Bank maintains that the issue is moot as the lots have sold and this Court cannot grant effective relief.

¶11 When determining whether a foreclosure sale renders a matter moot, this Court asks whether it can "fashion effective relief." *Turner v. Mt. Engr. & Constr., Inc.*, 276 Mont. 55, 61, 915 P.2d 799, 803 (1996). When the party's compliance with the foreclosure is involuntary, "the appeal is not barred or waived, but may, nevertheless, be moot to the extent that this Court cannot grant any effective relief." *Turner,* 276 Mont. at 64, 915 P.2d at 805. The Court may be unable to provide relief when the party failed to post a bond or stay the proceedings, the property has been sold at a sheriff's sale, or the interests of third parties are involved. *Turner,* 276 Mont. at 63, 915 P.2d at 804. *See also Martin Dev. Co. v. Keeney Const. Co.*, 216 Mont. 212, 219, 703 P.2d 143, 148 (1985).

¶12 Here, the Court is unable to fashion appropriate relief and, therefore, the issues related to the motion to alter the judgment are moot. Western defaulted on the agreement by failing to pay in accordance with the terms. Western failed in its efforts to post a bond and the Bank sold the lots at the sheriff's sale. Further, the redemption period has expired. This Court is unable to afford effective relief.

**Motion to Amend the Pleadings**

¶13 Western asserts that the District Court improperly denied their motion to amend the pleadings after the summary judgment order. Specifically, Western maintains that the

District Court erred by refusing to permit the amendment to state additional claims and join the Henrys as individual parties. This Court reviews a district court's denial of a motion to amend for an abuse of discretion. *Bitterroot Int'l. Sys., Ltd. v. W. Star Trucks, Inc.*, 2007 MT 48, ¶ 48, 336 Mont. 145, 153 P.3d 627.

¶14  A party may seek to amend the pleadings, post-judgment, to "conform [the pleadings] to the evidence." M. R. Civ. P. 15(b)(2). A "trial court is justified in denying a motion for an apparent reason 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, [or] futility of the amendment.'" *Lindey's v. Professional Consultants*, 244 Mont. 238, 242, 797 P.2d 920, 923 (1990) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, (1962)). This Court follows the general rule that "a court ordinarily will be reluctant to allow leave to amend to a party against whom summary judgment has been entered. . . ." *Stanford v. Rosebud County,* 254 Mont. 474, 478, 839 P.2d 93, 95 (1992) (citing *Nguyen v. United States,* 792 F.2d 1500, 1503 (9th Cir. 1986)).

¶15  Western sought to add Ronald and Catherine Henry as defendants and file a third-party complaint. The District Court properly denied Western's motion to amend. The Bank asserted no claims against the Henrys, nor attempted to enforce the guarantees of the Henrys, who were in bankruptcy. It would be prejudicial to permit the Henrys to join now and assert new claims against the Bank when the Bank did not hold the Henrys personally liable as guarantors under the loan.

6

¶16    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions.  The issues in this case are legal and controlled by settled Montana law, which the District Court correctly interpreted.

¶17    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE