No. 90-312

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

GRANITE COUNTY,
a Political Subdivision,

      Plaintiff and Appellant,

  -v-

CHARLES KOMBEREC,

      Defendant, Appellant and Respondent.

FILED

NOV -1 1990

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Third Judicial District,
In and for the County of Granite,
The Honorable Ted L. Mizner, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

            J. Allen Bradshaw, Granite County Attorney,
Philipsburg, Montana

      For Respondent:

            Fred Thomson, Missoula, Montana

      For Amicus:

            Robert L. Deschamps, III, County Attorney; Martha
E. McClain, Deputy County Attorney; Missoula,
Montana


                  Submitted on Briefs: September 20, 1990

                        Decided: November 1, 1990

Filed:

_____
              Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

The defendant Charles Komberec appeals the judgment of the Montana Third Judicial District Court, Granite County, sitting without a jury, declaring a prescriptive right for a public road crossing Komberec's property and enjoining Komberec from obstructing the road. We affirm.

Komberec raises the following issues on appeal:

(1) Does Granite County have standing to bring an action for acquisition of a road based on prescription?

(2) Did the District Court err in holding that the public has a right of way by prescription across Komberec's property?

(3) Did the District Court err in ordering that "the Bureau of Land Management has the right to continue improvements and maintenance on a limited basis on the road"?

(4) Did the District Court err in denying attorney's fees and costs to Komberec on his motion to compel discovery?

Granite County raises the following issue on cross-appeal: Did the District Court err in concluding that the road was not a county road created by petition of the Deer Lodge County Commissioners in 1889?

Komberec owns a patented mining claim near Garnet, Montana. The property is not now enclosed nor has it ever been. A single lane road about eight feet wide crosses Komberec's property on an east west course and connects several other mining claims with the small community of Garnet on the west and a county road on the east.

2

Komberec presented evidence, including an 1896 Deer Lodge County road map, that this connecting county road on the east was originally a northerly spur from a county road created in 1889 which also ran west to Garnet, then called Mitchell, on a more southerly route. This route was known as the Springtown-Mitchell Road. Komberec's evidence tended to show that beyond this county spur a private road extended to the west connecting more mining claims, including Komberec's, with the county road spur on the east. Eventually this spur road again joined the county road at a point west of Komberec's claim. This connecting road became known as the Summit Cabin Road. The portion of Komberec's property through which this road runs became a part of Granite County in 1941. Komberec contended that at some time prior a portion of the southerly route of the Springtown-Mitchell Road was apparently abandoned in favor of using this northerly route which connected the several mining claims. Komberec produced photographic evidence of a southerly road that could potentially have been the original Springtown-Mitchell Road created by Deer Lodge County.

Komberec has owned his claim since 1984. In June of 1988 he placed a locked gate across the Summit Cabin Road going through his property. On October 28, 1988, the Granite County Commissioners, acting under the belief that the Summit Cabin Road was a county road, filed a complaint alleging that Komberec had obstructed a county road crossing his property and requesting a temporary injunction and a judicial determination of the road's status. A temporary restraining order was issued enjoining

3

Komberec from interfering with public use of the road pending judicial determination of its status. After a non-jury trial, judgment was entered in favor of the County on March 6, 1990. The court held that while the Summit Cabin Road was not the county road created by petition in 1889, the public had nevertheless acquired a right to use the road through prescription. Komberec appealed the court's ruling on prescription and the County cross-appealed on the existence of a statutorily created road.

I.

Komberec contends that the County does not have standing to bring an action for acquisition of a public road based on prescription. Komberec concedes that the County has the authority under § 7-14-2107(1), MCA, to acquire rights of way by eminent domain or petition. However, Komberec argues Article XI, Section 4 of the Montana Constitution precludes the County from acquiring roads by other means. He contends that Article XI, Section 4 gives counties only (1) those powers expressly granted to them by the legislature and (2) those necessarily implied from the express grants of power. This contention lacks merit. Article XI, Section 4 of the Montana Constitution provides:

> **Section 4. General Powers.** (1) A local government unit without self-government powers has the following general powers:
> . . . .
> (b) A county has legislative , administrative, and other powers provided or implied by law.
> (2) The powers of incorporated cities and towns and counties shall be liberally construed.

The literal language of the Constitution calls for liberal construction of county powers. Komberec's contentions that a

4

county's powers are limited to those expressly granted are based on "Dillon's rule", the former rule prior to the 1972 Constitution regarding the powers of local governments that was modified by the framers of the 1972 Montana Constitution. See Montana Constitutional Convention, v. II, p.792-793, transcript pp. 2522-2524, 2530, 2534. Clearly, under liberal construction of a county's general powers and its power to acquire roads, the County has standing to maintain an action on behalf of the public for acquisition of a road by prescription. See generally § 7-1-2103(1), MCA, and §§ 7-14-2101, MCA, et seq.

## II.

Komberec also contends that the District Court erred in finding that the Summit Cabin Road was a public road by prescriptive use. He argues that the County's evidence does not satisfy the requirements for a public prescriptive easement. We disagree.

Prescriptive easements may be proved by public or private use, but in either case, the party claiming the right must show open, notorious, exclusive, adverse, continuous and uninterrupted use of the easement for the full statutory period. Graham v. Mack (1984), 216 Mont. 165, 172-173, 699 P.2d 590, 595. Recently, in Johnson v. McMillan (1989), 238 Mont. 393, 778 P.2d 395, we discussed public acquisition of a prescriptive easement on a private road:

> That the public may acquire the right by prescription to pass over private land is undisputed and such is the law in Montana. To establish the existence of a public road by prescription it must be shown that the public

5

followed a definite course continuously and uninterruptedly for the prescribed statutory period together with an assumption of control adverse to the owner. . . .

By "continuous and uninterrupted use" is meant that the use was not interrupted by the act of the owner of the land, and that the right was not abandoned by the one claiming it. . . .

This court has said that to establish a prescriptive right it must be shown that the use was adverse and not by permission of the landowner. However, the older a road the more difficult it usually is to produce the proof of actual adverse use because the witnesses are no longer usually available. . . .

[Citations omitted.]

Johnson, 778 P.2d at 396, citing Kostbade v. Metier (1967), 150 Mont. 139, 142-145, 432 P.2d 382, 384-386.

It is also established that use of an alleged easement for the full statutory period, unexplained, creates a presumption of use adverse to the owner which may be overcome by evidence that the use is permissive. Johnson, 778 P.2d at 396, citing Lunceford v. Trenk (1974), 163 Mont. 504, 508-509, 518 P.2d 266, 268. District courts sitting as fact finders occupy the best position to determine if the use was permissive or adverse. Johnson, 778 P.2d at 396, citing Lunceford, 518 P.2d at 267.

In affirming the district court in Johnson, we noted that there was substantial evidence to support a finding that public travelers pursued a definite, fixed course, continuously and uninterruptedly, for a long period of time (nearly 100 years). Johnson, 778 P.2d at 396. In this case, there is substantial evidence to support the same. Various witnesses testified that their use of the road began as early as 1927 or 1928 and continued up until the present. The United States Bureau of Land Management

(BLM) used the road for timber management. The BLM and Champion Timberlands, Inc. performed maintenance on a portion of the Summit Cabin Road passing through BLM land in connection with a timber sale, however, the evidence indicates that Komberec is the only person to ever perform maintenance on that portion of the Summit Cabin Road crossing his property. The witnesses who testified to using the road themselves also testified that they observed the general public using the road. Among the various purposes of the road testified to were recreational, timber management, fire protection, snowmobiling access, mining and logging traffic. The Granite County Commissioners consider the road to be a county road created by the petition of and acquired from Deer Lodge County.

Komberec argues that the County's evidence is insufficient to establish a public use that would support the creation of a prescriptive easement. Generally, seasonal use by hunters, fisherman, hikers, campers, use by neighbors visiting neighbors, and persons cutting Christmas trees and gathering firewood are not sufficient to establish such a use. See Medhus v. Dutter (1979), 184 Mont. 437, 443, 603 P.2d 669, 672; Oates v. Knutson (1979) 182 Mont. 195, 200, 595 P.2d 1181, 1184; Taylor v. Petranek (1975), 173 Mont. 433, 439, 568 P.2d 120, 123; Ewan v. Stenberg (1975), 168 Mont. 63, 68, 541 P.2d 60, 63. However, in this case there was evidence of uses other than recreational such as mining, logging, timber management, and fire protection. There is substantial evidence to support the elements of a use by the public over a fixed and definite route for the statutory period.

7

The element of adverse use is also satisfied. If all the other elements of open, notorious, exclusive, continuous, and uninterrupted use are demonstrated, the element of adverse use is established by presumption. Parker v. Elder (1988), 233 Mont. 75, 78, 758 P.2d 292, 294.

Komberec also contends that the County failed to satisfy all the elements of prescription because it must assert control tantamount to a declaration that the road is a public roadway. See Barnard Realty Co. v. City of Butte (1913), 48 Mont. 102, 136 P. 1064. The Barnard decision relies in part on the case of State v. Auchard (1898), 22 Mont. 14, 55 P. 361. However, the burden on a county of demonstrating that it acquired jurisdiction to create a road has been diminished with the overruling of both Auchard and Warren v. Choteau County (1928), 82 Mont. 115, 265 P. 676 in Reid v. Park County (1980), 627 P.2d 1210, 1212-1213. We decline to apply the reasoning of this line of cases to cases where a county alleges that it has acquired a road by prescription. Moreover, the Granite County Commissioners testified that they consider the Summit Cabin Road to be a county road, the one acquired by petition of Deer Lodge County in 1889. Thus, there was an assumption of control by the County adverse to Komberec. There is substantial evidence to support the District Court's finding that the County acquired the Summit Cabin Road by prescription.

III.

Komberec also contends that the District Court erred in ordering "that the Bureau of Land Management has the right to

8

continue improvements and maintenance on a limited basis on the road". The record indicates that on occasion the County and the BLM made verbal agreements for the BLM to maintain and improve portions of the Summit Cabin Road crossing land other than Komberec's. Komberec argues that the order is ambiguous as to whether maintenance by the BLM is a permissive right or the BLM's duty. He further argues that it was error for the District Court to adjudicate rights or duties of the BLM, a non-party in this suit, and for the District Court to adjudicate maintenance of portions of the Summit Cabin Road other than that crossing Komberec's property, the only portion subject to this suit.

We conclude that the order clearly gives the BLM a permissive right to <u>maintain</u> the road. We also note that such maintenance does not include a right to <u>improve</u> the road where the easement passes through Komberec's property. Moreover, we decline to determine whether the order regarding improvements and maintenance for the remainder of the road was proper. Regardless of its propriety, Komberec has failed to demonstrate how the court's ruling will adversely affect him. To be aggrieved by an order or judgment and so be entitled to appeal a party must have an interest in the subject matter of litigation which is injuriously affected by the judgment or order. Matter of Dearborn Drainage Area (1988), 766 P.2d 228, 231, 234 Mont. 331, 336; Holmstrom Land Co. Inc. v. Meagher County Newlan Creek Water District (1979), 185 Mont. 409, 425, 605 P.2d 1060, 1069. In this case, because we have ruled that the County has a prescriptive right to the road, Komberec cannot

9

be aggrieved by the order because he no longer has an interest in the road that permissive maintenance by the BLM will adversely affect. See Rule 1(b) M.R.App.Civ.P. We will not reverse unless error affects the substantial rights of a party. Dahlin v. Holmquist (1988), 235 Mont. 17, 21, 766 P.2d 239, 241. Thus, Komberec lacks standing to raise this issue on appeal.

## IV.

Finally, Komberec contends that the District Court erred when it denied attorney's fees and costs to Komberec following its order compelling discovery. An award of costs and fees on a motion to compel discovery is governed by Rule 37(a)(4) M.R.Civ.P., which provides in pertinent part:

> **Rule 37(a). Motion for order compelling discovery.**
> . . . .
> (4) Award of expenses of motion. If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

The language of the rule makes an award of costs and fees mandatory unless opposition to the motion was either substantially justified or other circumstances make the award unjust. Komberec argues that the lower court failed to specify either of these circumstances and denied the motion for costs and fees stating simply that sanctions are discretionary.

It is within the District Court's discretion to decide what sanctions are to be imposed on a party who fails to comply with

10

discovery rules. Barrett v. Asarco (1988), 234 Mont. 229, 234, 763 P.2d 27, 30; Sikorski v. Olin (1977), 174 Mont. 107, 111, 568 P.2d 571, 573; Wolfe v. Northern Pacific Railway Co. (1966), 147 Mont. 29, 40-41, 409 P.2d 528, 534. In interpreting discovery rules, this Court will reverse the trial judge only when his judgment may materially affect the substantial rights of the appellant and allow a possible miscarriage of justice. Sikorski, 568 P.2d at 573, Wolfe, 409 P.2d at 534. However, this does not mean that a trial court has inherent power to apply discovery sanctions. State ex rel. Burlington Northern Railroad Co. v. District Court (1989), 239 Mont. 207, 219, 220, 779 P.2d 885, 893. While the trial court has discretion in these matters, the breadth of this discretion is available to the trial court within the statutory language of Rule 37 without any reference to an inherent power theory. Burlington Northern, 779 P.2d at 893.

Here, although the trial court gave no other grounds for denying Komberec his costs and fees on his motion to compel other than its discretionary powers, there is evidence in the record to support a finding that the opposition to the motion was substantially justified or that other circumstances would make an award of expenses unjust. In responding to Komberec's motion to compel the County explained that the information requested was difficult to gather because the road in controversy was created by petition in 1889. The County also explained that the BLM had some of the materials requested and was slow in providing them. The trial judge, while declining in his discretion to award costs and

attorneys fees did note in his memorandum opinion that such an award was a close issue in this case. Considering the explanation given by the County, this suggests and the record supports that the trial judge did find that the motion was substantially justified or that other circumstances would have made an award of expenses unjust.

## v.

On cross appeal, the County and amicus curiae Missoula County argue that the current Summit Cabin Road is the road created by petition of the Deer Lodge County Commissioners in 1889 or that it is substantially the same road as the one created in 1889 with some minor variations. The County relies primarily on Reid v. Park County, supra, where this Court held that it is sufficient if the record as a whole shows that a public road was created. Amicus Missoula County cites the case of Central Pacific Railway Company v. County of Alameda (1932), 284 U.S. 463, 468, 52 S.Ct. 225, 227, 76 L.Ed. 402, 408, for the rule that once the establishment of a county road has been shown, the continuing identity of that road must be presumed until overcome by proof to the contrary.

These cases are distinguishable from the case at bar. In those cases there was no contention that two distinct roads once existed. Here, Komberec does not challenge the existence of a county road created in 1889, as in Reid, for the record as a whole indeed shows that a public road was created. Rather Komberec argues that the Summit Cabin Road is a different road than the Springtown-Mitchell road created in 1889. Komberec presented

12

substantial evidence to the District Court to support his contention that the Summit Cabin Road is a different road than the county road created in 1889, thus we will not disturb the District Court's judgment.

We affirm the District Court's denial of costs and fees on Komberec's motion to compel, it's order granting the BLM a permissive right to maintain the road, and its conclusion that the public had acquired a prescriptive right for the Summit Cabin Road.

**AFFIRMED.**

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

13