No. 97-670

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 26

KENNETH E. HITSHEW

and DOROTHY J. HITSHEW,

Petitioners, Appellants, and

Cross-Respondents,

v.

BUTTE/SILVER BOW COUNTY;

a political subdivision of the State of

Montana, JOHN DOE CORPORATION; and

UELAND RANCHES, INC., a Montana

business corporation,

Respondents, Respondents, and

Cross-Appellants.

APPEAL FROM: District Court of the Second Judicial District,

In and for the County of Silver Bow,

The Honorable John W. Whelan, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John Leslie Hamner, Butte, Montana

For Respondent:

William M. O'Leary, Corette, Pohlman & Kebe, Butte, Montana (Butte-Silver Bow County); William M. Kebe, Jr., Corette, Pohlman & Kebe, Butte, Montana (Ueland Ranches, Inc.)

Submitted on Briefs: August 6, 1998

Decided: February 18, 1999

Filed:

No

_____

Clerk


Justice William E. Hunt, Sr. delivered the Opinion of the Court.


**¶1. Kenneth E. Hitshew and Dorothy J. Hitshew (the Hitshews) appeal from the March 3, 1997 order of the Second Judicial District Court, Silver Bow County, entering summary judgment in favor of Butte-Silver Bow County (the County), John Doe Corporation, and Ueland Ranches, Inc. (Ueland). The County cross-appeals from the April 16, 1997 order of the District Court denying its request for certain costs. We affirm in part, reverse in part, and remand this cause for further proceedings consistent with this opinion.**

**¶2. We restate the issues as follows:**

**¶3. 1. Did the District Court err in granting the County's and Ueland's motions for summary judgment and denying the Hitshews' petition for declaratory judgment?**

**¶4. 2. Did the District Court err in denying the County's request for the costs of survey maps and an aerial photograph?**


## BACKGROUND

**¶5. In July 1993, the Hitshews entered into a contract with Ueland for the purchase of a triangle-shaped tract of real property located in Silver Bow County (hereinafter "Tract A"). German Gulch Road is an undedicated, county-maintained road which travels through the entire length of Tract A in a south-easterly direction. According to the certificate of survey for Tract A, the south edge of German Gulch Road forms**

the southern property boundary of Tract A. Ueland owns the land to the south of German Gulch Road. When Ueland sold Tract A to the Hitshews, it reserved an easement over German Gulch Road to access its property. Before the sale of Tract A, Ueland had erected a fence thirty feet from and parallel to the southern edge of the road. After purchasing Tract A, the Hitshews erected a fence along the northern edge of the road. A cattle guard is located inside Tract A at the extreme northeast corner of the triangle where German Gulch Road intersects Tract A.

¶6. German Gulch Road has been utilized by the public and referenced on various maps since the turn of the century. Since 1959, the road has been referenced on maps prepared by the State Highway Commission as a road maintained by Silver Bow County. The County's maintenance of German Gulch Road includes spreading and blading gravel to maintain the road's surface, ditch digging, and snow removal. The road has never been gated or fenced to prevent travel over Tract A, and no landowner has denied the County access to the road.

¶7. Sometime after the sale of Tract A, the County approached Ueland about establishing a service road over property owned by Ueland from German Gulch Road to the site of the County's Tax Increment Financing Industrial District Number 2 (TIFID No. 2) where a silicon manufacturing plant was to be built. The County needed this service road for ingress and egress to construct water and sewer facilities in TIFID No. 2. Ueland granted the County use of its existing easement over German Gulch Road, as well as a temporary easement for the period beginning April 25, 1996, and ending August 1, 1996, to construct a service road over its property from German Gulch Road to TIFID No. 2. Ueland and the County agreed that construction of the service road would begin at the extreme northeast corner of Tract A, where German Gulch Road intersects Tract A, and continue in a southeasterly direction approximately one mile to TIFID No. 2.

¶8. On April 26, 1996, the County began construction of the service road. The County removed the cattle guard located at the intersection of German Gulch Road and Tract A, and Ueland assisted in removing a portion of the fence south of German Gulch Road. Thereafter, the Hitshews came upon the construction site and were distressed to find that the cattle guard and a portion of the southern fence had been removed. The Hitshews commenced an action against the County, Ueland, and the unknown corporation slated to build the silicon manufacturing plant for damages arising from the alleged trespass on their property. In the same complaint, the

Hitshews sought a declaratory judgment, asking the court to determine the County's rights in and to the use of German Gulch Road.

¶9. The County and Ueland (collectively the Respondents) responded by filing motions to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), M.R.Civ.P. Upon submission of the parties' briefs on the motions, the District Court ordered a hearing to take place November 25, 1996. At the hearing, in addition to the pleadings, Respondents presented testimony from Robert Everly, a licensed surveyor in Montana, Don Ueland, co-owner of Ueland Ranches, Inc., and Jim Johnston, the Director of Public Works for the County. Respondents also presented various exhibits including an aerial photograph, a map prepared by the State Highway Commission, and survey maps prepared by Mr. Everly. In accordance with Rule 12(b), M.R.Civ.P., the court converted the pending motions to dismiss to motions for summary judgment and allowed the parties time to brief the matter.

¶10. On March 3, 1997, after a second hearing, submission of the parties' briefs, and oral argument, the court issued an order and memorandum granting the County's motion for summary judgment, granting in part and denying in part Ueland's motion for summary judgment, and denying the Hitshews' petition for declaratory judgment. The court held: no question of fact existed regarding the County's prescriptive easement over German Gulch Road; no question of fact existed regarding Ueland's reserved easement over German Gulch Road; and no question of fact existed regarding Ueland's ownership of the southern fence and strip of land lying in between the fence and the southern edge of German Gulch Road. However, the court held that a question of fact existed regarding the ownership of the cattle guard which had been removed. The dispute over ownership of the cattle guard was the subject of a later summary judgment motion. On this motion, the court granted summary judgment in favor of the Hitshews and awarded them $500 in damages resulting from the unlawful removal of their cattle guard.

¶11. On March 10, 1997, the County filed with the court a bill of costs including costs incurred for the preparation of survey maps and an aerial photograph used at the hearing. The Hitshews objected to these costs on the ground that they were not incurred in preparation for the hearing. The Hitshews filed a notice of motion to settle bill of costs. On April 16, 1997, the court issued an order and memorandum settling the dispute over costs in favor of the Hitshews.

**¶12. The Hitshews appeal the court's March 4, 1997 order granting the Respondents' motions for summary judgment. The County cross-appeals the court's April 16, 1997 order denying its request for costs related to the preparation of survey maps and the aerial photograph.**

DISCUSSION

*Issue One*

**¶13.** Did the District Court err in granting the County's and Ueland's motions for summary judgment and denying the Hitshews' petition for declaratory judgment?

**¶14. We review appeals from summary judgment rulings *de novo*. Axtell v. M.S. Consulting, 1998 MT 64, ¶ 21, 288 Mont. 150, ¶ 21, 955 P.2d 1362, ¶ 21. We apply the same summary judgment evaluation, based on Rule 56, M.R.Civ.P., as the district court. Bruner v. Yellowstone County (1995), 272 Mont. 261, 264, 900 P.2d 901, 903. In <u>Bruner</u>, we set forth our inquiry:**

The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

<u>Bruner</u>, 272 Mont. at 264-65, 900 P.2d at 903 (citations omitted).

**¶15. The Hitshews argue that genuine issues of material fact exist in this case, making summary judgment improper. First, the Hitshews argue that a question of fact exists as to whether the County's use of German Gulch Road is permissive or prescriptive. The Hitshews cite Warnack v. Coneen Family Trust (1994), 266 Mont. 203, 216, 879 P.2d 715, 723, for the rule that the party claiming a prescriptive easement has the burden of proving each and every element of prescription. Without further analysis or citation to the record, the Hitshews assert that the County failed to meet its burden of proving each and every element of prescription. We disagree.**

**¶16. An easement by prescription is created by operation of law. Rettig v. Kallevig (1997), 282 Mont. 189, 193, 936 P.2d 807, 810. Generally, a party claiming an**

easement by prescription must establish open, notorious, exclusive, adverse, continuous, and uninterrupted use of the claimed easement for the statutory five-year period. Rettig, 282 Mont. at 193, 936 P.2d at 810. We have applied this same criteria, although worded differently, in the context of public prescriptive easements. In Granite County v. Komberec (1990), 245 Mont. 252, 257, 800 P.2d 166, 169, we held:

That the public may acquire the right by prescription to pass over private land is undisputed and such is the law in Montana. To establish the existence of a public road by prescription it must be shown that the public followed a definite course continuously and uninterruptedly for the prescribed statutory period together with an assumption of control adverse to the owner . . . .

Because a public prescriptive easement is "public," the element of exclusivity is not required in establishing the existence of a public prescriptive easement.

¶17. To be "open and notorious," the use of a claimed right must give the landowner actual knowledge of the claimed right, or be of such a character as to raise a presumption of notice. Mildenberger v. Galbraith (1991), 249 Mont. 161, 167, 815 P.2d 130, 134-35. To be "continuous and uninterrupted," the use of a claimed right must not be abandoned by the user or interrupted by an act of the landowner. Komberec, 245 Mont. at 257, 800 P.2d at 169. To be "adverse," the use or assumption of control of a claimed right must be exercised under a claim of right and not as a mere license revocable at the pleasure of the landowner. Public Lands Access Ass'n v. Boone & Crockett (1993), 259 Mont. 279, 283, 856 P.2d 525, 527. The landowner must know about and acquiesce in the user's claim of right. Boone & Crockett, 259 Mont. at 283, 856 P.2d at 527.

¶18. Regarding proof of adversity, we have held that regular maintenance of a roadway by the party asserting a prescriptive easement is evidence of adverse, rather than permissive, use. Rafanelli v. Dale (1996), 278 Mont. 28, 37, 924 P.2d 242, 248. Similarly, we have held that the public's use coupled with a county government's regular maintenance of a roadway without the landowner's permission is evidence of adverse use. Rasmussen v. Fowler (1990), 245 Mont. 308, 312, 800 P.2d 1053, 1056; McClurg v. Flathead County Comm'rs (1980), 188 Mont. 20, 24, 610 P.2d 1153, 1156. The fact that a roadway has been barred by gates or other obstructions to be opened

and closed by the parties passing over the land is strong evidence that use of the roadway is permissive rather than adverse. Boone & Crockett, 259 Mont. at 285, 856 P.2d at 528.

¶19. At the summary judgment hearing, the County presented the following evidence in support of its position that a public prescriptive easement exists over German Gulch Road. Mr. Hitshew testified that from 1989 until the time of the summary judgment hearing, a total of seven years, he was aware that the public was using German Gulch Road and that the County was maintaining the road. Mr. Hitshew testified that he never erected gates, other barriers, or signs on the road to create the impression that use of the road was permissive. He testified that he never verbally notified the County that its use and maintenance of the road was permissive. The record is void of any evidence that the public abandoned its use of the road. Don Ueland testified that during his family's ownership of the Ueland property, approximately 70 years, the public has used German Gulch Road without restriction. Jim Johnston testified that for the entire period he has served as Public Works Director for the County, 22 years, the County has maintained German Gulch Road and has used it without restriction. For approximately 40 years, German Gulch Road has been referenced on maps prepared by the State Highway Commission as a road maintained by Silver Bow County.

¶20. Applying these facts to the law, we determine that the County presented sufficient evidence establishing that the public's use of German Gulch Road was open, notorious, continuous, uninterrupted, and adverse for the statutory five-year period, or, that "the public followed a definite course continuously and uninterruptedly for the prescribed statutory period together with an assumption of control adverse to the owner."

¶21. Once the County established all the elements of prescription, the burden shifted to the Hitshews to prove permissive use or license. Warnack, 266 Mont. at 216, 879 P.2d at 723. If a landowner shows permissive use, no easement can be acquired because the theory of prescriptive easement is based on adverse use. Boone & Crockett, 259 Mont. at 283-84, 856 P.2d at 525. The Hitshews argue that the County's use of German Gulch Road was permissive because it was based on neighborly accommodation. See Boone & Crockett, 259 Mont. at 284, 856 P.2d at 528 ("use of a neighbor's land based upon mere neighborly accommodation or courtesy is not adverse"). However, at the summary judgment hearing and on appeal, the

Hitshews failed to present evidence of neighborly accommodation. No evidence appears of record indicating that neighborly accommodation was the local custom concerning use of German Gulch Road. A party opposing summary judgment must present facts of a substantial nature and cannot rely on speculative, fanciful, or conclusory statements. Sprunk v. First Bank System (1992), 252 Mont. 463, 466, 830 P.2d 103, 105. Mere conclusory statements are insufficient to raise a genuine issue of material fact. <u>Sprunk</u>, 252 Mont. at 466-67, 830 P.2d at 105. Based on the absence of evidence establishing permissive use, we conclude that the District Court did not err in finding that no question of fact existed regarding the public's prescriptive easement over German Gulch Road.

¶22. Next, the Hitshews argue that a question of fact exists as to whether the County exceeded the scope of its prescriptive easement by constructing the service road to TIFID No. 2. We have held that "if an easement is not specifically defined, it need only be such as is reasonably necessary and convenient for the purpose for which it was created." Strahan v. Bush (1989), 237 Mont. 265, 268, 773 P.2d 718, 720. Similarly, we have held:

no use may be made of the right-of-way different from the use established at the time of the creation of the easement so as to burden the servient estate to a greater extent than was contemplated at the time the easement was created.

Leffingwell Ranch, Inc. v. Cieri (1996), 276 Mont. 421, 431, 916 P.2d 751, 757. Applying these rules, the Hitshews argue that the scope of the County's prescriptive easement includes only travel over and maintenance of German Gulch Road. The Hitshews allege that the County exceeded the scope of its easement when it left German Gulch Road and constructed the service road. The Hitshews premise this allegation on the assertion that the true property boundary of Tract A is not the southern edge of German Gulch Road but rather the southern fence located thirty feet from and parallel to the southern edge of German Gulch Road. Upon this assertion, the Hitshews reason that in constructing the first thirty feet of the service road and traveling over property allegedly owned by the Hitshews, the County unduly exceeded the scope of its prescriptive easement over German Gulch Road.

¶23. The County does not dispute that the scope of its prescriptive easement includes only travel over and maintenance of German Gulch Road. However, the County

disputes the allegation that it exceeded the scope of its easement by constructing the service road to TIFID No. 2. The County argues that the uncontradicted evidence shows that the property over which the service road was being constructed was owned not by the Hitshews, but by Ueland, from whom the County had acquired a separate temporary easement. Thus, the County argues, no genuine issue of material fact exists with regard to whether the County exceeded the scope of its easement. We agree.

¶24. At the summary judgment hearing, the County presented a survey map prepared by Robert Everly, a licenced surveyor, showing that the southern property boundary of Tract A was the southern edge of German Gulch Road, not the fence located 30 feet from the southern edge of the road. The Hitshews failed to present any evidence contradicting the survey map other than Mr. Hitshew's conclusory statement that the southern fence was the southern property boundary of Tract A. Again, mere conclusory statements are insufficient to raise a genuine issue of material fact. Sprunk, 252 Mont. at 466-67, 830 P.2d at 105. We conclude that the Court did not err in finding that no genuine issue of material fact existed with regard to whether the County exceeded the scope of its easement.

¶25. Next, the Hitshews argue that a question of fact exists regarding whether construction of the service road unduly changed the amount and character of use of German Gulch Road in such a manner as to overburden the servient estate beyond what was contemplated by the public prescriptive easement. *See* Leffingwell, 276 Mont. at 431, 916 P.2d at 757. The Hitshews note that this issue was presented in its brief opposing summary judgment, but that the District Court failed to discuss the issue in its order and memorandum granting summary judgment to the Respondents. This failure, the Hitshews argue, is another reason why summary judgment was improper in this case.

¶26. We need not address the matter of the court's failure to discuss the issue of increased burden on the servient estate because the Hitshews failed to present to the District Court any evidence of increased burden on the servient estate. The only evidence in the record pertaining to this matter is Don Ueland's testimony that he "would imagine" construction of the service road changed the amount and character of use of German Gulch Road, but only up to the point where German Gulch Road intersects the extreme northeast corner of Tract A. We note that the service road connects to German Gulch Road at the extreme northeast corner of Tract A. Mr.

Ueland testified that he did not observe any change in the amount and character of use of German Gulch Road as that road continues in a southwesterly direction through the length of Tract A. Based on the absence of evidence establishing increased use of German Gulch Road as it passes over Tract A, we conclude that no question of material fact exists regarding whether construction of the service road unduly changed the amount and character of use of German Gulch Road to the detriment of the servient estate.

¶27. Lastly, the Hitshews again cite <u>Leffingwell</u>, 276 Mont. at 431, 916 P.2d at 757, and argue that a question of fact exists regarding whether Ueland exceeded the scope of its reserved easement over German Gulch Road by granting the County use of the reserved easement. The District Court did not address this issue in its order and memorandum granting summary judgment to Respondents. We need not address the court's failure to discuss this issue because the issue is moot. We have already determined that a public prescriptive easement exists over German Gulch Road. Thus, by virtue of this easement, the County had a right to travel over German Gulch Road independent of the easement it obtained from Ueland. In light of these facts, we decline to discuss the merits of whether Ueland exceeded the scope of its reserved easement over German Gulch Road by granting the County use of its reserved easement.

*Issue Two*

¶28. Did the District Court err in denying the County's request for the costs of survey maps and an aerial photograph?

¶29. We review a district court's denial or award of costs for abuse of discretion. Springer v. Becker (1997), 284 Mont. 267, 275, 949 P.2d 641, 646.

¶30. In its Bill of Costs submitted to the District Court, the County requested costs in the amount of $216 for certain survey maps and an aerial photograph pursuant to § 25-10-201(8), MCA. That statute provides in pertinent part:

**Costs generally allowable.** A party to whom costs are awarded in an action is entitled to include in his bill of costs his necessary disbursements, as follows: . . . (8) the reasonable expenses for making a map or maps if required and necessary to be used on trial or

hearing; . . .

The Hitshews objected to these costs on the ground that the expenses incurred in the making of the survey maps and in the taking of the aerial photograph predated the filing of the complaint in this action. On this basis, the Hitshews argued that these expenses were not incurred in preparation for a trial or hearing as required by § 25-10-201(8), MCA. The court agreed and denied the County recovery of the costs.

**¶31. On appeal, the County argues that the District Court erred in denying recovery of these costs because the record demonstrates that the survey maps and aerial photograph, collectively referred to as Exhibit 1, were prepared at the request of the County for specific use in this action. In response to the question whether he prepared Exhibit 1 at the request of counsel for the County, Mr. Everly replied, "That's correct."**

**¶32. The Hitshews counter that despite Mr. Everly's comment, the record demonstrates that the survey maps and aerial photograph at issue predated this litigation. The Hitshews point to Mr. Everly's testimony that one survey, Certificate of Survey 191-A, is dated December 18, 1980, and that the fly date of the aerial photograph is listed as April 15, 1996. We note that the other survey, Certificate of Survey 87, is dated March 28, 1977. The creation of all three documents occurred before commencement of this action.**

**¶33. It appears there is confusion among the parties as to whether the costs incurred in the preparation of Exhibit 1 related to the expenses of *creating* the survey maps and aerial photograph, or to the expenses of *copying* the survey maps and aerial photograph. The County's Bill of Costs, Mr. Everly's testimony, and the briefs on appeal fail to shed light on whether the claimed $216 related to the creation or copying of these documents. However, we have examined the survey maps comprising Exhibit 1 and have found that a signature, stamp, and seal of the county clerk and recorder appears on each survey map, indicating that it "is a true, complete, and correct copy of the original." The survey maps are dated November 20 and 25, 1996, indicating that they were copied approximately seven months after commencement of this action. Thus, it appears that the costs claimed for the survey maps related to the copying of the maps and did not predate this litigation. We**

conclude that the County is entitled to recover the cost of copying the survey maps as it was a necessary disbursement incurred in the preparation for the summary judgment hearing.

¶34. The aerial photograph was not delivered to this Court as part of the record on appeal. We have not found any evidence in the transcripts on appeal indicating whether the aerial photograph used in Exhibit 1 was the original, created on April 15, 1996, or a copy of the original, made sometime after commencement of this action. Without this knowledge we are unable to determine whether the County is entitled to recover the cost of the aerial photograph. We remand this issue to the District Court for a determination as to whether the aerial photograph used in Exhibit 1 was the original or a copy of the original. If the photograph was a copy of the original, and if that copy was made *after* commencement of the action, then the County is entitled to recover the cost of the aerial photograph.

¶35. With respect to issue one of this opinion, the judgment of the District Court is affirmed. With respect to issue two of this opinion, the judgment of the District Court is reversed and this cause is remanded to the District Court for further proceedings consistent with this opinion.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

/S/ KARLA M. GRAY