FILED

September 8 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0067

DA 15-0067

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 264

---

DONNA DAVIS,

      Plaintiff and Appellant,

  v.

STATE OF MONTANA, DEPARTMENT
OF PUBLIC HEALTH and HUMAN
SERVICES,

      Defendant and Appellee.

---

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV 2013-63
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Linda M. Deola, Morrison, Sherwood, Wilson & Deola PLLP, Helena, Montana

      For Appellee:

            John C. Melcher, Assistant Attorney General, Agency Legal Services Bureau, Helena, Montana

---

Submitted on Briefs: July 29, 2015
Decided: September 8, 2015

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1    Donna Davis worked as an attorney in the Office of Legal Affairs at the Department of Public Health and Human Services (DPHHS or the Department). In July 2011, after five years of employment, DPHHS terminated her employment. In January 2013, Davis filed a complaint in the First Judicial District Court, Lewis and Clark County, asserting wrongful discharge and seeking damages. In October 2014, the Department filed two motions for partial summary judgment which Davis opposed. In December 2014, the District Court held oral argument on the motions and on February 6, 2015, the court granted summary judgment in favor of the Department. Davis appeals. We affirm.

## ISSUE

¶2    The dispositive issue on appeal is whether the District Court erred in granting summary judgment to the Department, and ruling as a matter of law that Davis was terminated for good cause under § 39-2-904(1)(b), MCA.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    Donna Davis began working as an attorney at DPHHS in August 2006. Davis's work record did not indicate any work-related problems until 2010. Beginning in January 2010, Davis's superiors began receiving complaints or personally observed that: (1) Davis was treating co-workers in a rude and discourteous manner; (2) her work product was inadequate and/or incorrect; (3) she failed to follow supervisory instructions; and (4) she committed repeated violations of DPHHS policies. Additionally, Davis claimed that on Friday, April 15, 2011, her immediate supervisor "verbally assaulted" her over a

2

work-related matter and she became fearful of going to work, claiming it was an "unsafe workplace" for her. She reported the incident on April 19 via a late night e-mail to Chief Legal Counsel Bernie Jacobs and DPHHS Human Resources Director Kathy Bramer. Jacobs and Bramer set two meetings with Davis to attempt resolution of the matter but Davis did not attend either meeting. Davis did not return to work after April 19, 2011, and her absence was not excused by DPHHS. On April 28, 2011, she filed a grievance against Jacobs and the supervisor whom she claimed had verbally assaulted her. Subsequent to written notices and verbal discussions regarding these issues, DPHHS discharged Davis from her position on June 23, 2011. In January 2012, the Department held an administrative hearing on Davis's grievance and the hearing officer recommended the grievance be denied. Then-director of DPHHS Anna Whiting-Sorrell adopted the hearing officer's recommendation as the agency's final decision.

¶4 Davis filed her complaint for wrongful termination against DPHHS in January 2013. She asserted that DPHHS terminated her employment in violation of the employer's personnel policy and in retaliation for the grievance she had filed, and that her termination was without good cause. Section 39-2-904(1), MCA. Prior to the scheduled bench trial, DPHHS filed two motions for summary judgment. The first motion addressed Davis's claim that her discharge was in violation of DPHHS' personnel policy and in retaliation for her grievance, and the second motion addressed the issue of good cause.

¶5 The District Court held a hearing on December 19, 2014. On February 6, 2015, the District Court issued its order granting DPHHS' motions. The court determined that

substantial undisputed evidence supported DPHHS' claim of good cause for termination. The court also concluded that the Department did not violate an internal personnel policy nor did it discharge Davis in retaliation for certain actions she had taken.

¶6      Davis appeals only the District Court's ruling pertaining to good cause.

## STANDARD OF REVIEW

¶7      Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  M. R. Civ. P. 56(c)(3); *Stanley L. & Carolyn M. Watkins Trust v. Lacosta*, 2004 MT 144, ¶ 16, 321 Mont. 432, 92 P.3d 620.  The standard of review of a district court's grant of summary judgment is de novo, using the same criteria applied by the district court under M. R. Civ. P. 56; *Tin Cup Cty. Water v. Garden City Plumbing & Heating, Inc.*, 2008 MT 434, ¶ 21, 347 Mont. 468, 200 P.3d 60.  Summary judgment is appropriate only when the "pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue of material fact" and the moving party is entitled to judgment as a matter of law. *Masters Group Int'l, Inc. v. Comerica Bank*, 2015 MT 192, ¶ 34, 380 Mont. 1, 352 P.3d 1101.  Conclusory statements, speculative assertions, and mere denials are insufficient to defeat a motion for summary judgment.  *Tin Cup*, ¶ 54.

¶8      We will affirm a district court's ruling when it reaches the right result, even if it reached that result for a wrong reason. *Stoican v. Wagner (In re Estate of Lawlor)*, 2015 MT 54, ¶ 33, 378 Mont. 281, 343 P.3d 577.

## DISCUSSION

¶9 *Did the District Court err in granting summary judgment to the Department, and ruling as a matter of law that Davis was terminated for good cause under § 39-2-904(1)(b), MCA?*

¶10 Sections 39-2-901 through -915, MCA, set forth the provisions of the "Wrongful Discharge From Employment Act." A discharge is wrongful if it is not for good cause. Section 39-2-904(1)(b), MCA. "Good cause" is defined as "reasonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties, disruption of the employer's operation, or other legitimate business reason." Section 39-2-903(5), MCA. We have defined "a legitimate business reason" as a reason that is not false, whimsical, arbitrary, or capricious, and one that must have some logical relationship to the needs of the business. *Buck v. Billings Mont. Chevrolet*, 248 Mont. 276, 281-82, 811 P.2d 537, 540 (1991). In applying this definition we have stressed the importance of the "right of an employer to exercise discretion over who it will employ and keep in employment." *Buck*, 248 Mont. at 282, 811 P.2d at 540. It is inappropriate for courts to become involved in the day-to-day employment decisions of a business. *Buck*, 248 Mont. at 282, 811 P.2d at 541. *See McConkey v. Flathead Elec. Coop.*, 2005 MT 334, ¶ 26, 330 Mont. 48, 125 P.3d 1121.

¶11 Relying upon *Buck*, DPHHS argues that it was entitled to the "broadest" discretion in this case because Davis was a "sensitive managerial" employee. In *Buck*, Buck, a long term employee and general manager of a Billings automobile dealership, was discharged by new owners of the company. He challenged his dismissal and the district court concluded that the employer's asserted reasons for his discharge constituted a "legitimate

business reason." *Buck*, 248 Mont. at 278-79, 811 P.2d at 538. Davis claims on appeal that the District Court incorrectly applied the *Buck* standard to her situation because she was not a "sensitive managerial" employee, and accordingly, the Department was not entitled to the "broadest" discretion that might otherwise be available when an employer is dealing with a managerial employee such as Buck.

¶12 Although its pronouncements remain valid, *Buck* has no application here. All parties in *Buck* agreed that Buck did not fail to satisfactorily perform his job duties, nor was there any allegation that he disrupted the employer's operation. Rather, the focus in *Buck* was on whether the defendant as a new owner of the business had a "legitimate business reason" under the WDEA to replace Buck "with its own man." *Buck*, 248 Mont. at 280-81, 811 P.2d at 540. Here, by contrast, DPHHS defends its termination of Davis on the basis of her "failure to satisfactorily perform job duties [and] disruption of the employer's operation"—grounds which constitute "good cause" for termination under § 39-2-903(5), MCA, independent of the statutory catchall of "other legitimate business reason" upon which the Court relied in *Buck*.

¶13 Although the District Court characterized Davis as a "high level executive employee" who "had responsibilities exceeding those of the average DPHHS employee," this characterization is of no ultimate consequence to the outcome of the court's decision. Whether or not Davis was a supervisory employee, the fact remains that the District Court had before it evidence establishing the requisite statutory "good cause" for her termination.

6

¶14 Davis argues that summary judgment was inappropriate because multiple material facts are in dispute. While Davis has disputed the truth of many factual assertions made by the Department, such disputes do not render summary judgment inappropriate where there are facts *not* in dispute that provide "good cause" for discharge from employment. *Becker v. Rosebud Operating Servs.*, 2008 MT 285, 345 Mont. 368, 191 P.3d 435. In a letter to Davis describing why termination of her employment was under consideration, Davis's supervisor asserted inter alia that Davis repeatedly failed to report to work after her confrontation with her immediate supervisor and did not obtain an excused absence. She also refused to attend two meetings arranged to discuss her concerns. He documents the disruption of the operation of the Department's business occasioned by these occurrences. Notably, Davis does not dispute that these events occurred. Thus, even if there are facts in dispute as Davis alleges, the foregoing undisputed facts alone establish that Davis failed to "satisfactorily perform job duties," and that her actions caused "disruption of the employer's operation," thus constituting "reasonable job-related grounds for dismissal" under § 39-2-903(5), MCA.

¶15 We therefore conclude that the District Court did not err in finding that good cause existed for Davis's discharge from employment, and that summary judgment in favor of DPHHS was appropriate.

### CONCLUSION

¶16 For the foregoing reasons, we affirm the District Court's grant of summary judgment in favor of DPHHS.

/S/ PATRICIA COTTER

7

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE