FILED

07/19/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0441

DA 15-0441

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 175

LARRY REINLASODER,

      Plaintiff, Appellee,
      and Cross-Appellant,

      v.

CITY OF COLSTRIP,

      Defendant, Appellant,
      and Cross-Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                      In and For the County of Yellowstone, Cause No. DV 14-0340
                      Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Michael J. Lilly, Bridget W. leFeber, Bert, Lilly, Tollefsen, P.C.;
            Bozeman, Montana

      For Appellee:

            William A. D'Alton, D'Alton Law Firm, P.C.; Billings, Montana

Submitted on Briefs:  June 8, 2016

Decided:  July 19, 2016

Filed:

                                      Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 The City of Colstrip (Colstrip) appeals from the denial of its motions for judgment as a matter of law and a new trial by the Thirteenth Judicial District Court, Yellowstone County. Larry Reinlasoder (Reinlasoder) cross-appeals the District Court's grant of Colstrip's motion to amend the judgment. We reverse and remand for entry of judgment in favor of Colstrip, and do not reach the cross-appeal.

¶2 Because it is dispositive, we address only the following issue:

*Did the District Court err by denying Colstrip's motion for judgment as a matter of law where Reinlasoder failed to contest that he had sexually harassed an employee?*

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 "You ain't getting s--- for Christmas! I've just examined your computer and it's full of porn, you f------ pervert," read a captioned picture of Santa Claus attached to a December 2007 office email from Reinlasoder, one of many instances of misconduct cited by Colstrip when it discharged Reinlasoder from his position as Colstrip's Chief of Police on May 22, 2012. Reinlasoder had held the position since May 17, 2004.

¶4 Reinlasoder sued Colstrip for wrongful discharge. In defense, Colstrip contended it had fired Reinlasoder for good cause. Colstrip alleged numerous instances of misconduct by Reinlasoder that violated Colstrip's employment policy manual, including the December 2007 email, a September 2009 email which contained "pornographic pictures of men and women in various stages of sexual intercourse," lying about his work history on his job application, an accusation of Criminal Mischief by the Rosebud County

2

Sheriff's Office, insubordinate conduct, intimidating a female dispatcher to the point that she "no longer [felt] comfortable in dispatch without someone else being present," and, finally, sexual harassment of a female dispatcher. Colstrip's notice and letter of termination given to Reinlasoder stated that he was "in violation of the City's work environment-discrimination policy, in which the City will not tolerate verbal or physical conduct by any employee which harasses, discriminates, disrupts, or interferes with another employee's work performance or which creates an intimidating, offensive, or hostile environment."

¶5 At trial, Reinlasoder introduced a letter from Mercedes Kroll (Kroll), a Colstrip dispatcher, to Mayor Rose Hanser (Hanser). The letter complained about statements Reinlasoder had made to Kroll. The letter stated that Reinlasoder had asked Kroll, "Do you want to come see my porn in my office?" When Kroll declined the invitation, Reinlasoder responded, "You look like a freaky kind of girl that would like porn." When called to testify at trial, Kroll reiterated the incident as stated in the letter.

¶6 Reinlasoder introduced a second document that corroborated Kroll's version of this event. The second document was a witness statement written by Officer Cory Hert (Hert). Hert stated he was present during the incident in question, and that Reinlasoder had asked Kroll, "Would you like me to send you some of my internet porn? You look like you would enjoy it; you're kind of freaky that way, aren't you?" When called to testify, Hert reiterated the incident as stated in his statement.

3

¶7      Officer Michael Hayes' (Hayes) video deposition was then introduced. Hayes witnessed the incident between Reinlasoder and Kroll. Hayes testified that he "overheard [Reinlasoder] saying that [Kroll] looked like the freaky kind of girl and that she might enjoy watching pornography with him. He had invited her to go back to his office to watch pornography on his computer."

¶8      When asked what he thought about the allegations, Reinlasoder believed he "may have said something," but couldn't "recall making that statement" because he "[didn't] remember."

¶9      On cross-examination, Kroll admitted she had originally stated in her deposition that the incident occurred on February 29, 2012, but that her written statement asserted it occurred on March 6, 2012.

¶10     Colstrip moved for judgment as a matter of law, pursuant to Montana Rule of Civil Procedure 50(a), at the close of Reinlasoder's case. Colstrip argued Reinlasoder's uncontested sexual harassment of Kroll constituted good cause for termination as a matter of law. The District Court denied the motion. The jury returned a verdict for Reinlasoder, awarding him $300,000 in damages. Colstrip made a renewed motion for a judgment as a matter of law, pursuant to Montana Rule of Civil Procedure 50(b), which the District Court also denied. The District Court granted Colstrip's motion to amend the judgment, offsetting unemployment benefits received by Reinloasoder in the amount of $12,068 from the jury's award.

¶11 Sometime before trial, Kroll filed a complaint with the Human Rights Bureau against Colstrip for Reinlasoder's sexual harassment. After the Human Rights Bureau found reasonable cause to move forward with Kroll's complaint, Kroll and Colstrip settled.

## STANDARD OF REVIEW

¶12 We review the denial of a motion for judgment as a matter of law de novo. *Johnson v. Costco Wholesale*, 2007 MT 43, ¶ 18, 336 Mont. 105, 152 P.3d 727. Judgment as a matter of law is properly granted only when there is a complete absence of any evidence which would justify submitting an issue to a jury. *Johnson*, ¶ 13. All such evidence and any legitimate inferences that might be drawn from the evidence must be considered in the light most favorable to the party opposing the motion. *Johnson*, ¶ 13. However, mere denial or speculation does not create an issue of fact. *Johnson*, ¶ 28. Judgment as a matter of law is not proper if reasonable persons could differ regarding conclusions that could be drawn from the evidence. *Johnson*, ¶ 13.

## DISCUSSION

¶13 *Did the District Court err by denying Colstrip's motion for judgment as a matter of law where Reinlasoder failed to contest that he had sexually harassed an employee?*

¶14 Sections 39-2-901 through -915, MCA, set forth the provisions of the "Wrongful Discharge From Employment Act." A discharge is wrongful if it is not for good cause. Section 39-2-904(1)(b), MCA. "Good cause" is defined as "reasonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties, disruption of the employer's operation, or other legitimate business reason." Section 39-2-903(5),

MCA. We have defined "a legitimate business reason" as a reason that is not false, whimsical, arbitrary, or capricious, and one that must have some logical relationship to the needs of the business. *Davis v. State*, 2015 MT 264, ¶ 10, 381 Mont. 59, 357 P.3d 320 (citing *Buck v. Billings Mont. Chevrolet*, 248 Mont. 276, 281-82, 811 P.2d 537, 540 (1991)). In applying this definition we have stressed the importance of the "right of an employer to exercise discretion over who it will employ and keep in employment." *Davis*, ¶ 10 (internal quotation and citation omitted). The balance between the employer's discretion and "the employee's equally legitimate right to secure employment . . . should favor an employee who presents evidence, and not mere speculation or denial, upon which a jury could determine that the reasons given for his termination were false, arbitrary or capricious, and unrelated to the needs of the business." *Kestell v. Heritage Health Care Corp.*, 259 Mont. 518, 526, 858 P.2d 3, 8 (1993). We have explained that an employer's discretion is at its greatest when the discharged employee is in a management position. *Sullivan v. Cont'l Constr. of Mont., LLC*, 2013 MT 106, ¶ 18, 370 Mont. 8, 299 P.3d 832. A chief of police is responsible for managing an entire police department. Section 7-32-4105, MCA.

¶15 At trial, Reinlasoder factually contested many of Colstrip's allegations. However, such factual disputes do not render judgment as a matter of law inappropriate where there are facts not in dispute that provide "good cause" for discharge from employment. *Davis*, ¶ 14. Kroll's testimony, corroborated by two other officers, established she was sexually harassed by Reinlasoder when, in the workplace, he invited her to view pornography with

6

him because he thought she looked like "a freaky kind of girl that would like porn." When Reinlasoder was given the opportunity to deny that this sexual harassment took place, he repeatedly stated he "could not recall." Reinlasoder's equivocation does not create a material issue of fact. *Johnson*, ¶ 28.

¶16 In his briefing, Reinlasoder argues that his cross-examination of Kroll created a material issue of fact with regard to the sexual harassment incident. First, Reinlasoder argues Kroll stated in her deposition that the incident occurred on February 29th, but her letter stated it occurred on March 6th. However, Reinlasoder fails to articulate how this inconsistency created an issue of material fact. The crucial material fact was whether Reinlasoder made the comments to Kroll. Reinlasoder's questions on cross-examination did not dispute that the sexual harassment occurred, but only whether it occurred on February 29th or March 6th.

¶17 Second, Reinlasoder argues that, while Kroll testified the Human Rights Bureau found reasonable cause to proceed with Kroll's complaint, the complaint had nonetheless been settled before it was adjudicated in a hearing. Again, Reinlasoder fails to articulate how this testimony created an issue of material fact about the harassment incident. That the Human Rights Bureau was precluded by settlement from determining in its process whether Reinlasoder had committed sexual harassment does not contradict the testimony of Kroll, Hert, and Hayes that the incident actually occurred.

¶18 The uncontested evidence showed Reinlasoder sexually harassed Kroll. Reinlasoder failed to meet his burden of presenting evidence, "and not mere speculation,"

*Kestell*, 259 Mont. at 526, 858 P.2d at 8, contesting the allegation. Sexual harassment is unquestionably a "legitimate business reason" or "reasonable job-related grounds for dismissal" that satisfies the "good cause" standard contained in § 39-2-903(5), MCA. *See Barbara Foster v. Albertson's, Inc.*, 254 Mont. 117, 127, 835 P.2d 720, 726 (1992) ("Sexual harassment is against public policy."). Judgment as a matter of law was therefore appropriate because the undisputed facts precluded Reinlasoder from establishing the crucial element of his wrongful discharge claim, an absence of "good cause." *Davis*, ¶ 14.

¶19 The amended judgment is reversed and this matter is remanded for entry of judgment in favor of Colstrip.


/S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT

8