FILED

05/09/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0690

DA 16-0690

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 114N

LARRY REINLASODER,

Plaintiff and Appellant,

v.

CITY OF COLSTRIP,

Defendant and Appellee.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 14-340
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

William A. D'Alton, D'Alton Law Firm, P.C., Billings, Montana

For Appellee:

Michael J. Lilly, Berg, Lilly & Tollefsen, P.C., Bozeman, Montana

Submitted on Briefs: April 5, 2017

Decided: May 9, 2017

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Larry Reinlasoder appeals the Order and Decision of the Thirteenth Judicial District Court, Yellowstone County, issued October 5, 2016. We affirm.

¶3 Reinlasoder was the Chief of Police for the City of Colstrip from May 2004 until May 2012 when he was terminated for misconduct, including sexual harassment, intimidation, and distributing pornography through the City's email. Reinlasoder sued the City asserting numerous claims, including wrongful discharge. The City moved for summary judgment and the District Court denied the motion as it pertained to Reinlasoder's wrongful discharge claim but granted it as to the other claims. A jury trial began on May 5, 2015, and at the close of Reinlasoder's case-in-chief, the City moved for a directed verdict. It argued that the undisputed evidence demonstrated that the City had good cause to discharge Reinlasoder; therefore, the elements of a wrongful discharge claim were not met. The District Court denied the City's motion and on May 8, 2015, the jury ruled in favor of Reinlasoder and awarded him damages in the amount of $300,000. Reinlasoder subsequently filed his Bill of Costs under § 25-10-101, MCA, seeking $6,184.80. After adjusting the amount, the District Court awarded him $5,719.80.

¶4    The City moved for a new trial and the District Court denied its motion. The City appealed and, in July 2016, we reversed the judgment, holding that the District Court had erred in denying Colstrip's motion for judgment as a matter of law. *Reinlasoder v. City of Colstrip*, 2016 MT 175, 384 Mont. 143, 376 P.3d 110 (*Reinlasoder I*). We concluded that "the undisputed facts" of the case precluded Reinlasoder from establishing the absence of "good cause," a crucial element in a wrongful discharge claim. *Reinlasoder I*, ¶ 18. We remanded the matter for entry of judgment in favor of the City of Colstrip. *Reinlasoder I*, ¶ 19.

¶5    On remand the District Court entered judgment for Colstrip on August 10, 2016. The City promptly filed its Memorandum of Costs under § 25-10-102, MCA, on August 15, 2016, seeking $6,971.75. Reinlasoder objected. The District Court concluded that just as the statute authorized the awarding of costs to Reinlasoder when he was the prevailing party, it authorized the award of costs to the City as prevailing party following appeal. It ordered Reinlasoder to pay the City an adjusted amount of $5,354.10. Reinlasoder appeals. We affirm.

¶6    We review a district court's application of a statute in determining entitlement to costs for correctness. *Total Indus. Plant Servs. v. Turner Indus. Group, LLC*, 2013 MT 5, ¶ 61, 368 Mont. 189, 294 P.3d 363. We review a district court's denial or award of costs for an abuse of discretion. *Hitshew v. Butte/Silver Bow Cnty.*, 1999 MT 26, ¶ 29, 293 Mont. 212, 974 P.2d 650.

¶7    Section 25-10-101, MCA, sets forth when costs to a plaintiff are allowed and includes payment of costs to a plaintiff who prevails in an "action for the recovery of money

3

or damages, exclusive of interest, when plaintiff recovers over $50." Section 25-10-101(3), MCA. Initially, Reinlasoder was entitled to his costs, having prevailed in the District Court in his action to recover money damages greater than $50.

¶8 Section 25-10-102, MCA, sets forth when costs to a defendant are allowed and states: "Costs must be allowed, of course, to the defendant upon a judgment in the defendant's favor in the actions mentioned in 25-10-101." After our ruling in *Reinlasoder I*, the City of Colstrip was the prevailing party and was entitled to its costs as identified in § 25-10-201, MCA.

¶9 Reinlasoder argues on appeal that the City should not receive its costs because, based upon our ruling in *Reinlasoder I*, the trial should never have taken place. In other words, had the District Court granted the City's motion for judgment or directed verdict, trial costs would not have accrued. Reinlasoder's argument is unpersuasive. The express language of § 25-10-102, MCA, authorizes costs to a defendant "upon a judgment in the defendant's favor . . . ." As Reinlasoder's cause of action was an action for damages exceeding $50, and the City obtained a judgment in its favor, the City was entitled to its "allowable" costs as defined in § 25-10-201, MCA.

¶10 In construing statutes, our role "is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. Moreover, we look "to the plain meaning" of the statute's language. *Eldorado Coop Canal Co. v. Hoge*, 2016 MT 145, ¶ 18, 383 Mont. 523, 373 P.3d 836. The statute does not include any limitation as to *when*, i.e., at what stage in the trial or proceeding, the defendant obtained judgment or should have obtained

4

judgment. Consequently, the District Court applied the statute as written and did not abuse its discretion when it awarded the City its costs upon remand.

¶11 Relying on *DiMarzio v. Crazy Mtn. Constr., Inc*., 2010 MT 231, 358 Mont. 119, 243 P.3d 718, Reinlasoder further asserts that he should not have to pay the City's costs because under a contractual arrangement between the City and the Montana Municipal Interlocal Authority (MMIA), MMIA is obligated to pay the City's defense costs. He opines that the City would enjoy a windfall if both he and MMIA paid costs. Reinlasoder made the same argument to the District Court in his objection to the City's bill of costs. The District Court found that *DiMarzio* was distinguishable in that it addressed attorney's fees exclusively rather than costs defined in § 25-10-201, MCA, which does not include attorney's fees. Additionally, the District Court concluded that it did not "have jurisdiction to interfere with the contractual relationship between Colstrip and MMIA, and therefore will enforce the payment of costs to Colstrip from Reinlasoder."

¶12 First, as noted by the District Court, *DiMarzio* is distinguishable in that we reviewed the district court's exercise of its discretion to allow or disallow the award of attorney's fees. In *DiMarzio*, we concluded the district court did not abuse its discretion in awarding partial fees under the circumstances of that case. *DiMarzio*, ¶ 54.

¶13 Second, and as discussed above, we review a statute using the plain meaning of the language in the statute and do not insert what is omitted or omit what is inserted. Here, the statute does not address the existence or impact of a cost-shifting arrangement between the prevailing party and a third party; therefore, we will not "insert" such a factor into our analysis and conclusion. There are numerous cases that support the district court's awards

5

of costs to the prevailing party under §§ 25-10-101 and -102, MCA.  For these reasons, we affirm the court's award in this case.

¶14   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the District Court's interpretation and application of the relevant statutes were correct and its ruling was not an abuse of discretion.

¶15   Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE

6